HAMITER, Justice.
Two separate and distinct bills of information were filed in the St. Tammany District Court against David Wesley Bolivar on July 25, 1952, he having been charged in cause No. 5175 with receiving stolen property and in No. 5176 with attempted simple burglary. Arraignment occurred the same day, and pleas of not guilty were entered.
On February 26, 1953, after previous assignments had been set aside, both cases were fixed for trial for the first day of the October, 1953 jury term. The defendant was present in open court at the time and, hence, had actual knowledge of the assignment.
Immediately following the court’s convening on October 19, 1953 (the commencement of the jury term), the district attorney amended the bill of information in No1. 5175 so as to charge “concealing” instead of “receiving” stolen property. Whereupon, pursuant to a defense motion and by reason of the amendment, the judge continued that cause. However, a requested continuance in No. 5176 was refused. And, as scheduled, that cause was tried by a jury, resulting in the conviction and sentencing of defendant (for the offense of attempted simple burglary) from which ‘he is appealing.
Of the two bills of exceptions presented for our consideration, the first was reserved to the court’s refusal to grant the continuance requested in this cause (No. 5176). Pointing out that the district attorney had assigned two separate and distinct charges for trial for the same day, the defendant complains that since No. 5175 (the continued case) was firstly numbered on the docket he had “every right *1042 with due- diligence to expect to be tried on that charge” and, therefore, came prepared to defend only it. We find no merit in the complaint. Defendant knew well in advance of the assignment of the two cases for the same day, to which no objection was offered; and, as was correctly stated by the district judge in his per curiam, “It was encumbent on him, under the circumstances, to prepare his defense in both of said cases, regardless of what case the District Attorney saw fit to bring to trial * * * ”
The second bill of exceptions was taken to the overruling of a motion for a. new trial. In seeking a new trial the defendant (according to the motion) invoked LSA-R.S. 15:509, subsection 5, which recites:
“A new trial ought to be granted: ******
“(5) Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial.”
In this provision the trial judge is vested with almost unlimited discretion, and his denial of a new trial should not be interfered with unless there has been a palpable abuse of that discretion. We observe no abuse here. At the desired new trial, defendant proposes to offer the testimony of two witnesses who did not testify originally, and he does not allege or contend that the evidence is newly discovered or that he was otherwise unable to produce it for the trial.
For the reasons assigned the conviction and sentence are affirmed.