264 So.2d 586

**STATE of Louisiana**

**v.**

**Nelson FLUCAS.**

**No. 51739.**

June 15, 1972.

Rehearing Denied July 31, 1972.

---

Paul Henry Kidd, Robert P. McLeod, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Hal R. Henderson, Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Nelson Flucas, appeals his jury conviction of aggravated criminal

damage to property, La.R.S. 14:55 for which he was sentenced to serve six years and 140 days in the State Penitentiary.* In undertaking this appeal, the defendant relies upon seven bills of exceptions reserved and perfected during his trial.

Bills of exceptions Nos. 1 and 2 concern a motion to quash the petit jury venire and a motion for a change of venue. The issues raised by these two bills are identical to those presented and decided in State v. Curry, 262 La. 280, 263 So.2d 36 (decided May 18, 1972). For the reasons set forth in that decision, we find these two bills of exceptions lack merit.

Bills of exceptions Nos. 3 and 4 concern a motion attacking the constitutionality of State Statute, La.C.Cr.P. Art. 627 and a motion for the production and inspection of Grand Jury minutes. The issues raised by these two bills are identical to those presented and decided in State v. Curry, 262 La. 280, 264 So.2d 583 (decided this date). For the reasons set forth in that decision, we find these two bills of exceptions lack merit.

Bill of exceptions No. 5 alleging the trial judge committed error when he disqualified two black persons as prospective jurors for the reason they were unable to read and write the English language. This bill of exceptions raises identical issues to those presented and decided in State v. McDaniel, 262 La. 629, 264 So.2d 587 (decided this date). For the reasons set forth in that decision, we find these two bills of exceptions lack merit.

Bills of exceptions No. 6 and 7 were reserved when the trial judge refused to accept defense counsel's challenge for cause of two prospective jurors. One prospective juror was challenged because of his friendship toward the prosecuting attorney, and the second prospective juror was challenged because of his friendship with one of the testifying police authorities, and because the prosecuting attorney had done some legal work for him approximately one month prior to the trial. Both prospective jurors were peremptorily excused after the challenges for cause were denied. The defendant exhausted his peremptory challenges before the completion of the panel. La.C.Cr.P. Art. 800.

After reading the examination of these prospective jurors, we find the trial judge did not abuse his discretion by refusing to excuse them for cause. Both prospective jurors indicated their friendship and economic relations with persons involved in the case on behalf of the state would not alter their ability to be impartial and would have no effect on their decision in the prosecution. State v. Hopper, 251 La. 77, 203 So.2d 222 (1967). It was reasonable

* Court ordered that the defendant be given credit for the 144 days spent in custody prior to the imposition of sentence.

for the trial judge to conclude that these contacts would not influence the jurors in arriving at their verdict. La.C.Cr.P. Art. 797. We find these two final bills of exceptions lack merit.

For the reasons assigned, the conviction and sentence are affirmed.

264 So.2d 587

**STATE of Louisiana**

**v.**

**Willie C. McDANIEL, Jr.**

**No. 51740.**

June 15, 1972.

Rehearing Denied July 31, 1972.

———◇———

Paul Henry Kidd, Robert P. McLeod, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Hal R. Henderson, Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Willie C. McDaniel, Jr., appeals his jury conviction of aggravated criminal damage to property, La.R.S. 14:55 for which he was sentenced to serve ten years and 211 days in the State Penitentiary.* In undertaking this appeal, the de-

* Court ordered that the defendant be given credit for the full 211 days spent in custody prior to that imposition of sentence.