264 So.2d 587

**STATE of Louisiana**

v.

**Willie C. McDANIEL, Jr.**

No. 51740.

June 15, 1972.

Rehearing Denied July 31, 1972.

Paul Henry Kidd, Robert P. McLeod, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Hal R. Henderson, Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Willie C. McDaniel, Jr., appeals his jury conviction of aggravated criminal damage to property, La.R.S. 14:55 for which he was sentenced to serve ten years and 211 days in the State Penitentiary.* In undertaking this appeal, the de-

---

\* Court ordered that the defendant be given credit for the full 211 days spent in custody prior to that imposition of sentence.

fendant relies upon five bills of exceptions reserved and perfected during his trial.

Bills of exceptions Nos. 1 and 2 concern a motion to quash the petit jury venire and a motion for a change of venue. The issues raised by these two bills are identical to those presented and decided in State v. Curry, 262 La. 280, 263 So.2d 36 (decided May 18, 1972). For the reasons set forth in that decision, we find these two bills of exceptions lack merit.

Bills of exceptions Nos. 3 and 4 concern a motion attacking the constitutionality of State Statute, La.C.Cr.P. Art. 627 and a motion for the production and inspection of Grand Jury minutes. The issues raised by these two bills are identical to those presented and decided in State v. Curry, 262 La. 280, 264 So.2d 583 (decided this date). For the reasons set forth in that decision, we find these two bills of exceptions lack merit.

In bill of exceptions No. 5 counsel for the defense maintains error was committed when the trial judge excused two black persons who were declared disqualified by the Court for the reason that they were unable to read and write the English language to the satisfaction of the Court. This bill of exceptions attaches and incorporates the entire record of testimony taken during the trial. It does not indicate at what point in the lengthy transcript the ju-

rors were excused. By reference to the Index of the two volume transcript, we are able to discover the colloquy between the judge and the two jurors who were excused. During the colloquy it was clear the judge excused these jurors because they were unable to read and write the English language. We therefore find the trial judge did not commit error in excusing the prospective jurors for being unable to read and write. La.C.Cr.P. Art. 401; Art. 787.

In his brief, counsel for the defense attacks La.C.Cr.P. Art. 401 as being an unconstitutional denial of equal protection and due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution. This Court has held the requirement that a person be able to read and write the English language to be qualified for jury service is a reasonable and nondiscriminatory regulation by the State which operates equally against all persons tried by jury; it affords no advantage to the State which it does not afford to the accused. Literacy is a requirement, which, if not essential to that purpose, is more apt to assure an understanding of the evidence and the law and bring about a fair verdict for both the accused and the State. The defendant was not deprived of his constitutional rights by the fact that persons are excluded from jury service who are unable to read and write the English language. State v. Comeaux, 252 La. 481, 211 So.2d

620 (1968). This final bill of exceptions lacks merit.

For the reasons assigned, the conviction and sentence are affirmed.