264 So.2d 589

**STATE of Louisiana**

**v.**

**John MYLES, Jr.**

**No. 51987.**

June 15, 1972.

Rehearing Denied July 31, 1972.

Paul Henry Kidd, Robert P. McLeod, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Hal R. Henderson, Dist. Atty., for plaintiff-appellee.

PER CURIAM.

By Bill of Information, the State charged John Myles, Jr., with aggravated criminal damage to property in violation of La.R.S. 14:55. After trial, the jury re-

turned a verdict of guilty. The judge sentenced the defendant to a term of nine (9) years in the Louisiana State Penitentiary.[1]

The defendant has appealed, relying upon five bills of exceptions reserved in the trial court. The first two bills raise the identical issues of whether or not the defendant's motions to quash the petit jury venire and for a change of venue were erroneously overruled as was presented and, decided in State v. Curry, 262 La. 280, 263 So.2d 36 (1972). For the reasons there set forth, we find no error.

Bills of exceptions Nos. 3 and 4 attacking the constitutionality of State Statute, La.C.Cr.P. Art. 627, and the denial of defendant's motion for the production and inspection of Grand Jury minutes, respectively, also raise identical issues as were presented and decided in State v. Curry, 262 La. 280, 264 So.2d 583, this day handed down. For the reasons there set forth, we likewise find no error.

By bill of exceptions No. 5, defense counsel alleges the trial court exceeded its authority by excusing a prospective juror, Mr. Chris Cunningham, *ex propio motu*, and not by ruling on a challenge for cause by either counsel for the State or the defendant. We find this bill without merit. La.C.Cr.P. Art. 787 clearly gives the trial judge discretion to disqualify a prospective petit juror from service in a particular case "when for any reason doubt exists as to the competency of the prospective juror to serve in the case." As noted in the redactor's comment to the article, "This article complements to a degree Arts. 797 and 798 which list special challenges for cause. It is necessary to give the judge the right to disqualify, a challenge being available only to counsel."

Among other observations of the prospective juror by the trial judge, he heard Mr. Cunningham answer the query that if the State proved the defendant guilty, would he turn him loose, "Yes, sir, I guess I would have to, if he is guilty, I would be willing to turn him loose. Yes, sir." We find no abuse of discretion here.

For these reasons assigned, the conviction and sentence are affirmed.

---

1. The trial judge sentenced defendant to an additional 206 days, but gave him credit on the sentence for the 206 days in custody prior to trial.