PER CURIAM.
 

 The defendant, Willie Clyde “Iloghead” Curry appeals his conviction of simple arson, La.R.S. 14:51, for which he was sentenced to serve eight years and 62 days in the Louisiana State Penitentiary and to pay a fine of $4,000 in default of which the court ordered he be incarcerated in the penitentiary an additional year. The court granted the defendant credit for the 62 days spent in custody prior to the imposition of sentence.
 

 On appeal, the defendant relies on nine bills of exceptions reserved and perfected during his trial.
 

 Bills of exceptions Nos. 1 and 2 concern a motion to quash the petit jury venire and a motion for change of venue. The issues raised by these two bills are identical to those presented and decided in State v. Curry, 262 La. 280, 263 So.2d 36 (decided May 18, 1972). For the reasons set forth in that decision, we .find these two bills of exceptions lack merit.
 

 Bill of exceptions No. 7 alleges the trial court erred by refusing to grant a motion for a directed verdict. We find this contention lacks merit as this court has consistently held a directed verdict to be unconstitutional in jury trials. State v. Hall, 261 La. 777, 260 So.2d 913 (1972).
 

 The remaining six bills of exceptions were not treated by the defendant appellant in his brief. We find these remaining bills of exceptions.to be without merit for the following reasons:
 

 In bill of exceptions No. 3, counsel for the defense contends the trial judge committed error when he excused six prospective jurors for not being able to read and write to his satisfaction. The bill of exceptions attaches and incorporates the entire transcript of testimony taken during the trial. It does not indicate at what point in the lengthy transcript the jurors were excused, nor is there an index indicating where these events are to be found. By reading the transcript, we are able to discover the colloquy between the judge and two of the six jurors who were excused. During the colloquy it was clear the trial judge excused these jurors because they were unable to read and write the English language. We therefore find the trial judge did not commit error in excusing the prospective jurors for being un
 
 *621
 
 .able to read and write the English language. La.C.Cr.P. Art. 401; Art. 787. Bill of exceptions No. 3 is without merit.
 

 Bill of exceptions No. 4 attacks the constitutionality of La.C.Cr.P. Art. 627 which gives the State, but not the defendant, the right to an appeal of an interlocutory ruling by a trial court granting a change of venue.
 
 *
 
 We take notice that the Clerk of the Second Judicial District Court states he has no record that any such motion was filed. We find nothing in the transcript to indicate that such a motion was filed, nor is it apparent from the transcript that counsel took a bill of exception to such a motion. Contrary to the statement made by counsel in his bill of exceptions, the motion attacking the constitutionality of the state statute and minute entries regarding the disposition of the motion are not attached or made part of the bill of exceptions. The bill is not argued in counsel’s brief.
 

 As no objection was entered at the time the alleged ruling was made, and no bill of exception was reserved or perfected concerning this alleged error, this court cannot consider the question when raised for the first time after the verdict. La.C. Cr.P. Arts. 841 et seq. This bill of exception lacks merit.
 

 Bill of exceptions No. 5 is without merit. A bill taken to the denial of a motion for new trial, which motion alleges that the verdict was contrary to law and evidence, presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).
 

 Bill of exceptions No. 6 attacks the denial of a motion for the production and inspection of Grand Jury minutes. We find the trial court was correct to overrule defendant’s motion for the production and inspection of Grand Jury minutes. Testimony of witnesses before a Grand Jury is secret. La.C.Cr.P. Art. 434. Having failed to establish that his “right-to-know” was proper and under one of the exceptions to the rule of secrecy authorized by law, defendant has no right to demand disclosure of Grand Jury testimony. La.C. Cr.P. Art. 434; State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).
 

 In his bill of exceptions No. 8, counsel for the defendant complains he was not permitted to obtain copies of statements made by one David Crew to law enforce-
 
 *623
 
 meat authorities. During the trial and immediately after defense counsel completed his opening statement, he requested that the court order the State to deliver the statements to the defendant.
 

 Louisiana law does not require pretrial discovery of statements taken from .potential witnesses, State v. David, 259 La. 35, 249 So.2d 193 (1971). At the time of the trial a defendant is not entitled to production of a prior written statement of a witness unless the proper foundation has been laid for impeachment, the witness denying making the statement or defense counsel showing that the report indicates that one or more of the material statements therein are contrary to the sworn testimony. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970) and cases cited therein; see also State v. Douglas, 256 La. 186, 235 So.2d 563 (1970), cert. denied, 401 U.S. 914, 91 S.Ct. 888, 27 L.Ed.2d 814, concerning a statement given to the police by an accomplice who testified for the state.
 

 At the time counsel for the defense requested to be delivered the statements made by David Crew, he had laid no such foundation. Therefore, the trial judge committed no error when he refused to grant defense counsel’s request for the statement.
 

 .Dpritig the cross examination of David Crew (mentioned in Bill of exceptions No. 8 above), counsel for the defense attempted to discern the extent of the immunity from prosecution Crew had been granted in exchange for his agreement to testify. After a fairly lengthy colloquy between Mr. Crew and counsel for the defense, during which Mr. Crew openly admitted his part in initiating and perpetrating the arson of the country club, counsel for the defense then asked him what was the next crime he committed. The State objected to this question and the objection was sustained. Then counsel for the defense asked, “Did you commit another crime?” The State again objected and the objection was sustained, to which ruling counsel reserved his 9th bill of exceptions.
 

 Counsel was apparently trying to impeach the testimony of Crew by this line of questioning. By the next question asked of Mr. Crew it becomes' clear that counsel was attempting to discover the extent of the immunity granted to Mr. Crew. In his next question, counsel asked, “Have you been promised immunity to testify at this trial and other trials for crimes that you have committed?” To which Mr. Crew replied,
 
 “I
 
 have.”
 

 At the point in time counsel asked Mr. Crew if he committed another crime, there was no indication of the purpose behind this line of questioning. The trial judge correctly .sustained the State’s objection to this'question; for the purpose of impeaching the credibility of a witness,
 
 *625
 
 only evidence of conviction of a crime, not of arrest, indictment or prosecution, is admissable. La.C.Cr.P. Art.'495. This final bill of exceptions is without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 SUMMERS, J., concurs in the result only.
 

 *
 

 Though the defendant cannot appeal this interlocutory order denying a change of venue, nevertheless Official Revision Comment “(t>)”> La.C.Cr.P. Art. 627, indicates that a defendant may apply for supervisory writs to this court when his motion for change of venue is denied. Further, the defendant has the right to urge (and does in fact here urge by Bills of exceptions Nos. 1 & 2) an erroneous decision on the venue issue by an appeal he takes from a final judgment. La.C. Cr.P. art. 912(B) ; Cf. State v. Pool, 138 La. 228, 70 So. 107 (1915).