268 So.2d 628

**STATE of Louisiana**

v.

**Albert Ray HEARD.**

**No. 52549.**

Oct. 26, 1972.

Rehearing Denied Nov. 21, 1972.

Robert P. McLeod, Paul Henry Kidd, Monroe, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Hal R. Henderson, Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Albert Ray Heard, appeals his jury conviction of aggravated criminal damage to property, La.R.S. 14:55, for which he was sentenced to serve twelve (12) years and 197 days in the state penitentiary.* On appeal, the defendant relies upon nine (9) bills of exceptions reserved and perfected during his prosecution.

Bills of Exceptions Nos. 1 and 2 concern a motion to quash the petit jury venire and a motion for change of venue. The issues raised by these two bills are identical to those presented and decided in State v. Curry, 262 La. 280, 263 So.2d 36 (1972). For the reasons set forth in that decision, we find these two bills of exceptions lack merit.

Though the prospective jurors are not the same as those excluded from service for their inability to read and write the English language in State v. Curry, 262 La. 616, 264 So.2d 583 (1972), the issues presented by bills of exceptions Nos. 3 to 7 are identical. For the reasons set forth in that decision, we find these bills of exceptions lack merit.

Bill of Exceptions No. 8 was abandoned by appellant in brief on appeal.

Bill of Exceptions No. 9 again alleges the trial judge erred when he refused to excuse a prospective juror the defense had challenged for cause. After reading the transcript of testimony regarding the examination of this individual we find the trial judge did not abuse his discretion. The venireman indicated during the examination that though he had some opinion concerning the case as a result of rumors and "shop talk" he had heard, he could be objective in determining the guilt or innocence of the defendant. He stated, "I said I would render my verdict by the evidence that was given here. Because I don't ac-

---

* The trial judge sentenced defendant to an additional 197 days, but gave him credit on the sentence for the 197 days in custody prior to trial.

tually know any of the facts in the case; it is just all hearsay with me. * * * Well, what I meant by that is the evidence that was given here, I would render my decision by that. Not what I have heard before now or anything like that. What comes up in court here." (Tr. pp. 71–72).

The examination of this prospective juror as a whole reflected that the juror could lay his opinion aside and base his decision solely on the evidence adduced. State v. Rideau, 242 La. 431, 137 So.2d 283, reversed 373 U.S. 723, 83 S.Ct. 1417, 10 L. Ed.2d 663, on remand 246 La. 451, 165 So. 2d 282; State v. Square, 257 La. 743, 244 So.2d 200 (1971).

For the reasons assigned, conviction and sentence are affirmed.

SUMMERS, J., concurs.

BARHAM, J., dissents with written reasons.

BARHAM, Justice (dissenting).

Bill of Exceptions No. 2 was reserved to the overruling of defendant Albert Ray Heard's motion for change of venue. I dissent from the majority's holding on this bill for the reasons given in my dissent on Bill of Exceptions No. 2 in the case of State of Louisiana v. Johnson, 263 La. 462, 268 So.2d 620, this day decided.