PER CURIAM.
Defendant, Ike Green, was sentenced to life imprisonment in the state penitentiary after a trial by jury for the crime of murder. La.R.S. 14:30. Seven bills of exceptions are urged on appeal.
The first bill of exceptions was taken when prospective juror Joseph Washington was found to be unqualified to serve on the jury because he was unable to read and write. (La.C.Cr.P. 401 (3))..
During the colloquy between the judge and the juror it was clear the judge excused Mr. Washington because he was unable to read and write the English language. Upon further interrogation by defense counsel, the prospective juror admitted he could not read newspapers. There was no error in excusing the prospective juror for being unable to read and write. La.C.Cr.P. Arts. 401 and 787. State v. McDaniel, 262 La. 629, 264 So.2d 587, 588 (1972). This bill lacks merit.
Bill of Exceptions No. 2 was taken by the defendant to the “line of questioning” of Dr. Roland J. Loupe, who had qualified as a medical expert. Counsel contends that there was “no connection” between Dr. Loupe’s having performed an autopsy and his testifying that a blow with a certain instrument was compatible with the injuries found. We disagree. The question is precisely the type which may be propounded to a medical expert — one which the physician’s training and experience qualifies him to answer with an opinion that has probative value. State v. Williams, 216 La. 419, 423, 43 So.2d 780 (1950).
We find no merit to the defendant’s contention in Bill of Exceptions No. 2.
Bill of Exceptions No. 3 alleges it was error for the prosecution to ask its witness, Billy Sanders, whether he could identify an exhibit (S-l) to wit; an automobile jack, presumably the death weapon. While this bill of exceptions attaches and incorporates the entire record of testimony taken during the trial, it does not indicate at what point in the lengthy transcript can be found the basis for the defendant’s objection. By reference to the Index of the three volume transcript, we find however, that it appears the defense counsel sought to have the state lay a proper foundation for the admission of the item prior to the testimony. At the same time defense counsel appears to have objected to chain of custody of the item and its connexity to the case.
As the exhibit(s) were not offered into evidence and the question clearly was a preliminary one, we do not find any error. The trial court cannot control the order of the State’s evidence. La.C.Cr.P. Art. 773; State v. Sinclair, 258 La. 84, 245 So.2d 365, 369 (1971). This bill lacks merit.
Again, in Bill of Exceptions No. 4, defense counsel does not specifically identify his objection except to say he objected to the line of questioning of state’s witness, Donald Ray Sterling, and attaches and incorporates the entire record of testimony. Nevertheless, our review of the transcript regarding Mr. Sterling’s testimony discloses an objection by the defense early in his testimony, but the objection appears premature. Counsel was evidently anticipating hearsay evidence, but, in fact, no hearsay had been uttered. This bill lacks merit.
Bill of Exceptions No. 5 was taken when the trial court sustained an objection by the prosecution to the relevancy of defense *290 counsel’s question of the witness, Mr. McKee, as to how many Grand Juries he appeared before.
It appears from defense counsel’s argument as to the grounds for seeking permission to ask this question, that Mr. McKee appeared before two Grand Juries regarding the defendant and that the first Grand Jury returned a “No True Bill”. Defense counsel says he wanted to know if Mr. McKee appeared before the second Grand Jury. We are in accord with the trial court’s ruling that the question is lacking in relevancy to the case and the state’s objection was properly sustained. La.R.S. 15:441. See also State v. Giles, 253 La. 533, 218 So.2d 585 (1969).
Bill of Exceptions No. 6 was similarly taken regarding the trial court’s sustaining the state’s objection to the Clerk of the Court, Mr. Perry M. Johnson, called by the defense, to read the contents of a document to the effect that an earlier Grand Jury which had returned a “No True Bill” absolved the defendant on September 15, 1971.
We do not find any prejudice to the defendant as the matter resolved itself to his benefit. The record discloses that the trial judge, did, in fact, permit Mr. Johnson to identify the document to the jury, including the “No True Bill” rendering of the Grand Jury, notwithstanding the objection of irrelevancy and the court’s ruling.
This bill is insubstantial.
Bill of Exceptions No. 7 was reserved when the trial court denied the defense motion to have the jury instructed to disregard a question and answer during the defendant’s cross-examination by the District Attorney. The District Attorney had asked the defendant whether he had been convicted of anything, and after answering in the affirmative, was asked of what, to which the defendant replied “Misdemeanor Theft”.
The refusal of the trial judge to instruct the jury to disregard this question and answer was entirely proper. La.R.S. 15 :495 clearly permits that, for the purposes of impeaching the credibility of the defendant on cross-examination, a jdefendant may be asked if he has been convicted of any crime. See also, 2 Wharton’s Criminal Evidence, “Impeachment of Witnesses”, Section 475 (13th ed. 1972).
We do not find any merit to the defendant’s contention that he was prejudiced. This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.