283 So.2d 261 (1973)
STATE of Louisiana
v.
Joel Wade FRAZIER, alias David James Frazier.
No. 53447.
Supreme Court of Louisiana.
September 24, 1973.
*262 Sam Monk Zelden, Zelden & Zelden, New Orleans, for defendant-appellant.
*263 William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Counsel to Atty. Gen., John M. Mamoulides, Dist. Atty., Thomas P. McGee, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant, Joel Wade Frazier, was tried under an indictment charging him with murder. He was convicted after a trial by jury and was sentenced to life imprisonment. Defendant appeals, relying on four bills of exceptions to obtain reversal of his conviction.
The facts as established by the record are as follows. During the late morning of May 5, 1971 Paul Prieto was shot and killed in an apartment in Gretna, Louisiana. A number of people, including the defendant, were present at the time of the murder, but there were no witnesses to the actual killing. After the homicide, however, the defendant held a gun on two girls in the apartment while he purportedly searched it for money, narcotics and weapons. Defendant was arrested the afternoon of May 5, 1971 when he was found unconscious in an automobile in New Orleans.
Bill of Exceptions No. 1
This bill was reserved when challenge for cause was denied with respect to two jurors who stated that they would be influenced in their verdict by the defendant not taking the stand on his own behalf.
With respect to the refusal of the challenge for cause as to the first juror, Mr. Roh, the ruling appears to be correct. After stating that his opinion would be affected by failure of the defendant to take the stand, the juror, on examination by the court, stated that he could bring a fair and impartial verdict based on the evidence presented, and that failure of the defendant to testify would not enter into his thinking. Article 797(2) of the Code of Criminal Procedure provides:
"The state or the defendant may challenge a juror for cause on the ground that:
"(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence."
Refusal of the challenge for cause was proper under these circumstances. State v. Higginbotham, 261 La. 983, 261 So.2d 638 (1972); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Rowan, 246 La. 38, 163 So.2d 87 (1964).
The ruling with respect to the second juror, Mr. Terrebonne, presents a more difficult problem. After stating, in response to a question, that failure of the defendant to take the stand could possibly affect his verdict, Mr. Terrebonne responded to an inquiry by the court that he "would try" to bring in a fair and impartial verdict based on the evidence:
"THE COURT: Mr. Terrebonne, let the Court explain this to you, that a person is presumed to be innocent. The District Attorney will put on his case first. At the end of that presentation if the person accused does not believe that the presumption of innocence was overturned he can rely on that presumption and not put on any witnesses in his behalf, not take the stand and testify and if that occurred or if Mr. Frazier for any other reason chose not to take the stand, would you hold that against him. Would that prejudice your thinking?
"MR. TERREBONNE: No I don't think so.

*264 "THE COURT: Let me ask you this. If he did not take the stand do you feel that you could return a fair and impartial verdict based on the evidence and the testimony that you did hear.
"MR. TERREBONNE: I could try."
Article 797(4) of the Code of Criminal Procedure makes refusal to accept the law as charged by the court a ground for a challenge for cause. The equivocal answer given by the juror did not amount to a refusal to accept the law as charged. The trial judge in his per curiam to Bill No. 1 is of the opinion that the juror had accepted the law as given to him and, specifically, that the juror would not be prejudiced by failure of the defendant to take the stand. The determination of the qualifications of a juror are within the sound discretion of the trial judge. State v. Flucas, 262 La. 625, 264 So.2d 586 (1972); State v. Rogers, 241 La. 841, 132 So.2d 819 (1961); State v. Brazile, 229 La. 600, 86 So.2d 208 (1956). Thus, the question to be determined is whether the trial court abused its discretion in finding that a juror would accept the law as charged in the face of an equivocal answer. We find no such abuse of discretion.
Bills of Exceptions Nos. 2 and 3
These bills were reserved when a witness testified that the defendant held a gun on her and another girl and searched for and demanded money, narcotics and weapons. The witness was present in the apartment at the time of the homicide, but was not an eyewitness. The incident testified to occurred immediately after the murder and in the same apartment. After objection, the State contended the testimony was admissible as part of the res gestae, and the trial court admitted the testimony on that basis, as being part of a continuous transaction.
R.S. 15:447 provides:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
R.S. 15:448 states:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
The defendant embarked upon a course of criminal activity that was continuous in both place and time. Testimony as to all of these activities is properly admissible. It is relevant, and it is not hearsay.
In addition, defendant complains that the district attorney made no reference to this evidence in his opening statement as to the design and purpose for introducing the evidence. Articles 766, 769 C.Cr.P. State v. Prieur, 277 So.2d 126 (La. 1973).
"However, in spite of the prejudicial nature of evidence of other offenses, criminal cases cannot be tried in an antiseptic vacuum. Matters which are logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses."
State v. Moore, 278 So.2d 781, 787 (1973).
It is not necessary that the State detail every shred of evidence or every detail of testimony in an opening statement; it is sufficient if the State gives the purport of the evidence to be introduced. State v. McLeod, 271 So.2d 45 (La.1973); State v. *265 Cryer, 262 La. 575, 263 So.2d 895 (1972). These bills are without merit.
Bill of Exceptions No. 4
This bill was reserved when a motion for a new trial was denied. C.Cr.P. 851. The ground for the motion was that the only defense witness called, who was hospitalized in the Southeast Louisiana Hospital, was given narcotics on the morning of her testimony and as a result the witness had difficulty understanding questions, appeared confused and was hesitant in answering questions.
In his per curiam the trial judge found the witness to be neither uncertain nor unduly confused and thus the defendant was not prejudiced by the testimony. Denial of a motion for a new trial should not be interfered with unless there has been an abuse of discretion by the trial court. State v. Bolivar, 224 La. 1037, 71 So.2d 559 (1954); State v. Turner, 190 La. 198, 182 So. 325 (1938). The conclusions of the trial judge that the defendant was not prejudiced by the alleged condition of the witness appears correct after a reading of the record. This bill is without merit.
The sentence and conviction are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
I am of the view that the majority errs in refusing to reverse under Bill of Exceptions No. 1.
One of the prospective jurors, Mr. Terrebonne, had stated on voir dire examination that the failure of the defendant to take the stand would affect his consideration of the guilt or innocence of the defendant. When he was challenged for cause by defendant's counsel, the court tried to "cleanse" the juror. This is the entire rehabilitating process used by the court:
"THE COURT: Mr. Terrebonne, let the Court explain this to you, that a person is presumed to be innocent. The District Attorney will put on his case first. At the end of that presentation if the person accused does not believe that the presumption of innocence was overturned he can rely on that presumption and not put on any witnesses in his behalf, not take the stand and testify and if that occurred or if Mr. Frazier for any other reason chose not to take the stand, would you hold that against him. Would that prejudice your thinking?
"MR. TERREBONNE: No I don't think so.
"THE COURT: Let me ask you this. If he did not take the stand do you feel that you could return a fair and impartial verdict based on the evidence and the testimony that you did hear.
"MR. TERREBONNE: I could try."
"I could try" does not place this juror in the position of stating under oath, "I will not permit the failure of the defendant to take the stand to influence my verdict." The latter is the state of mind which he must possess before he can qualify and take the oath as a juror. If we permit qualifying answers such as this to erase stated prejudice, we permit a prospective juror to qualify the oath he later takes to be a fair and impartial juror. The juror has already stated under oath that he will determine his impartiality at the conclusion of the trial.
This juror was disqualified by his own statements. He was thoroughly disqualified in his response to the court that he only could try to put aside his prejudice. The challenge for cause should have been granted. The acceptance of this juror was seriously prejudicial to the defendant and his conviction should be reversed.
I respectfully dissent.