311 So.2d 888 (1975)
STATE of Louisiana
v.
Gerald S. MITCHELL.
No. 55673.
Supreme Court of Louisiana.
April 24, 1975.
Walter C. Dumas, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The defendant, Gerald Mitchell, was convicted of distribution of LSD in violation of La.R.S. 40:966(A) and was sentenced to five years at hard labor. He appeals, relying on two bills of exceptions[1] in urging reversal of his conviction and sentence.
Bill of Exceptions No. 1
Defendant reserved Bill of Exceptions No. 1 when the State called Marta Finalet, expert chemist, to the stand to testify to *889 the results of her analysis of the tablets allegedly purchased from defendant. The basis of the defense objection was that the witness was being called prematurely, as the State at that time had not yet established the chain of custody of the tablets.
Article 773 of the Louisiana Code of Criminal Procedure, entitled "Order of Evidence," provides:
"Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible."
The Official Revision Comment explains that the basic purpose of the article "is to allow counsel to have a free hand in the conduct of his case."
In State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971), we held that the trial court cannot control the order of the State's evidence.
The record discloses that the tablets were not admitted into evidence during Miss Finalet's testimony, but were simply marked for identification. The provisions of Article 773 were not violated.
This bill has no merit.
Bill of Exceptions No. 3
Bill of Exceptions No. 3 was reserved when the trial court overruled defendant's objection to the introduction into evidence of State Exhibits S-1 through S-5. Defendant contends that the State failed to establish a sufficient chain of custody, possession and control to permit introduction of the evidence and specifically, of the LSD tablets.
Our review of the record discloses that to establish an unbroken chain of custody, the State should have presented the testimony of five witnesses: Wayne Barnette, the individual who purchased the tablets from defendant; Jack Mergen, of the Office of the District Attorney, who received the tablets from Barnette; Sergeant Steve Weber, an employee of the East Baton Rouge Sheriff's Office, who received the tablets from Mergen and delivered them to the State Police Crime Laboratory; Irving Johnson, criminologist at the State Crime Laboratory, who received the tablets from Sergeant Weber and placed the evidence into the controlled area of the laboratory; and Marta Finalet, the expert chemist who performed a chemical analysis of the tablets at the crime laboratory.
Although the State did present a receipt signed by Johnson at the time he received the evidence from Sergeant Weber, Johnson was not called to testify. Actually, Johnson's role in the chain of custody was minor. As indicated above, he was simply the criminologist at the State Crime Laboratory who received the tablets from Sergeant Weber and placed them into the controlled access area of the laboratory.
Defendant contends that the State's failure to produce Johnson to testify at trial constitutes a failure to establish a sufficient chain of custody to permit introduction of the tablets into evidence.
In State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), this Court stated:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance *890 of the evidence is sufficient. State v. Coleman, 254 La. 264, 223 So.2d 402; State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bertrand, 247 La. 232, 170 So.2d 386.
The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury. State v. Wright, 254 La. 521, 225 So.2d 201; State v. Whitfield, 253 La. 679, 219 So.2d 493; State v. Progue, 243 La. 337, 144 So.2d 352; 2 Wharton's Criminal Evidence (12th Ed.), § 673, p. 617." 256 So.2d at 608-09.
Through its witnesses, the State traced the chain of custody of the tablets with sufficient completeness to establish that the tablets were more likely than not the same ones purchased from the defendant and that the tablets had not been altered or contaminated. The tablets were properly admitted into evidence. The State's failure to call Mr. Irving Johnson as a State witness was a matter for the jury to consider.
This bill has no merit.
The conviction and sentence are affirmed.
NOTES
[1] Defendant reserved three bills of exceptions at trial. He has failed to argue Bill of Exceptions No. 2 orally or in brief and it is therefore considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).