320 So.2d 895 (1975)
STATE of Louisiana
v.
Paul Charles WEATHERS a/k/a Sammy R. Allen.
No. 56350.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*896 William M. Bass, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant Paul Charles Weathers, was charged by bill of information with the crime of armed robbery in violation of La.R.S. 14:64. He was tried by jury, found guilty as charged, and was sentenced *897 to serve 25 years at hard labor. On appeal, he relies upon six assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
Defendant alleges that the trial judge erred when he refused to sustain defense counsel's challenges for cause of two prospective jurors. Defendant exercised peremptory challenges against both of these jurors and exhausted his peremptory challenges before the completion of the panel. La.Code Crim.P. art. 800 (1966).
The first prospective juror stated that he was a member of the Terrebonne Parish School Board, which was represented by the Terrebonne Parish District Attorney's Office. In connection with school board work, he had become acquainted with the district attorney and a member of his staff. The second prospective juror stated that he was acquainted with the district attorney and that he was a "close, personal friend" of an assistant district attorney who had no role in the prosecution of this case. Both prospective jurors, questioned by the judge as to their impartiality, responded that their acquaintance with the district attorney and members of his staff would not prevent them from reaching a just and fair verdict.
Article 797 of the Louisiana Code of Criminal Procedure provides in relevant part:
The state or the defendant may challenge a juror for cause on the ground that:
. . . . . .
(3) The relationship, whether by blood, marriage, employment, friendship, or emnity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict; . . . .
This court has repeatedly held that it is within the sound discretion of the trial judge to determine the competency of a juror, and only when the exercise of such discretion is arbitrary or unreasonable, to the prejudicial injury of the defendant in obtaining a fair and impartial trial, will this court be warranted in setting aside a verdict. State v. Frazier, 283 So. 2d 261 (La.1973); State v. Willis, 262 La. 636, 264 So.2d 590 (1972); State v. Flucas, 262 La. 625, 264 So.2d 586 (1972). In Flucas, one prospective juror was challenged because of his friendship toward the prosecuting attorney, and the second prospective juror was challenged because of his friendship with one of the testifying police authorities, and because the prosecuting attorney had done some legal work for him about one month prior to the trial. Both prospective jurors indicated that their friendship and economic relations with persons involved in the case on behalf of the state would not alter their ability to be impartial. We held that it was reasonable for the trial judge to conclude that these contacts would not influence the jurors in arriving at their verdict.
Similarly, we find no abuse of discretion on the part of the trial judge. The first three assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 4
Defendant alleges that the trial judge committed error when he permitted the state to question the victim of the robbery regarding money allegedly stolen in the robbery (S-6). On being shown the money by the state, the victim testified that the bills were of approximately the same denomination that had been taken from her on the morning of the robbery. Defendant contends that the state, by questioning the victim without having first laid *898 a foundation for the introduction of the money into evidence, violated article 773 of the Louisiana Code of Criminal Procedure, which provides:
Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible.
In State v. Isaac, 261 La. 487, 499, 260 So.2d 302, 306 (1972), we stated:
Before the admission of an object in evidence, a foundation must be laid showing that it is related to the case. The foundation testimony may consist of visual identification of the object by witnesses or by establishing a continuous chain of custody from the seizure of the object to its introduction in evidence at the trial.
The testimony of the robbery victim concerning the money taken from her was part of the state's attempt to lay a foundation for the introduction of the money into evidence. The state subsequently completed the laying of this foundation when it called the arresting officer and the chief detective of the Houma Police Department, who both identified the money and established a continuous chain of custody. The evidence was later admitted in evidence with no objection from defense counsel.
At the time that the victim testified regarding the stolen money, the state made no effort to offer it in evidence. Hence, the question regarding the money was merely preliminary. The trial judge properly overruled defense counsel's objection because the court cannot control the state's order of proof. La.Code Crim.P. art. 773 (1966); State v. Mitchell, 311 So.2d 888 (La. 1975); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971). We find no merit in Assignment of Error No. 4.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the trial judge permitted the state to harass defendant's alibi witness on cross-examination. The witness, who testified that defendant had been involved in a poker game with him at the time the robbery occurred, recalled his shock when he read in the paper two days later that defendant had been arrested. The state, to test the witness' memory, questioned him as to his ability to remember the headlines in the newspaper on the day before his testimony.
La.R.S. 15:280 provides:
When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case.
In Louisiana, therefore, the scope of cross-examination is not limited to matters covered in direct examination. State v. Williams, 250 La. 64, 193 So.2d 787 (1967). In addition, each side has the right to impeach the testimony and credibility of every witness sworn on behalf of the other side. La.R.S. 15:486; State v. Richardson, 258 La. 62, 245 So.2d 357 (1971). Although care should be exercised not to exceed the proper bounds of the cross-examination by impeaching a witness as to collateral facts or irrelevant matter, La.R.S. 15:494, mere doubts as to the propriety of the extent of the cross-examination are always resolved in favor of the cross-examination. State v. Bertrand, 167 La. 373, 119 So. 261 (1929).
The testimony of defendant's alibi witness as to defendant's whereabouts on the night of the robbery nine months earlier was of crucial importance. The trial judge did not abuse his discretion in permitting the state to examine the witness at great length in order to measure his facility of recall. "On cross-examination, a latitude is allowed to test the memory of the witness." State v. Richardson, 258 La. 62, *899 245 So.2d 357 (1971). Assignment of Error No. 5 has no merit.

ASSIGNMENT OF ERROR NO. 6
In his final assignment of error, defendant avers that the trial judge erred in restricting the closing argument of defense counsel. The alleged error occurred when the trial judge sustained the state's objection to defense counsel's discussion of a criminal identification problem he had encountered as defense attorney in a previous case:
DEFENSE COUNSEL: If you get at least a lineup where there are at least several people that look somewhat alike, and let me tell you, you can dress them alike. I had a case once where a guy wore a welder's cap, they had a police lineup . . . .
STATE: I will object, your Honor,. . . to any testimony that may have been happening in another case, another situation.
Broadly speaking, counsel must confine themselves in argument to the facts introduced in evidence, to matters of general or common knowledge, and to the fair and reasonable conclusions to be drawn therefrom. La.Code Crim.P. art. 774 (1966); State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). The trial judge is accorded wide discretion in confining the closing argument to the scope of the evidence. State v. Dorsey, 262 La. 785, 264 So.2d 644 (1972). Defense counsel's reference to his personal experiences in a different case was unrelated to the facts introduced in evidence and was not a matter of common knowledge. Hence, it was not within the proper scope of the closing argument. We find no abuse of discretion in the trial court's ruling.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.