340 So.2d 1302 (1976)
STATE of Louisiana
v.
Norman J. CLARK.
No. 57438.
Supreme Court of Louisiana.
December 13, 1976.
*1304 L. Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Norman J. Clark, the defendant, with the distribution of heroin, a violation of LSA-R.S. 40:966. The first trial ended in a mistrial. However, at his second trial the jury returned a verdict of guilty as charged. The defendant received the mandatory life sentence.
The defendant appeals, relying on eight assignments of error. Nine assignments of error are considered abandoned as they were neither briefed nor argued. State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975); State v. Richmond, La., 284 So.2d 317 (1973).
The defendant filed a pro se brief, supplementing the arguments of his counsel.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
The defendant contends that the trial judge erred in denying his challenges for cause as to two prospective jurors, Maloof and Coulter. His grounds were Coulter's position as a volunteer coach for a police combat team and Maloof's position as Assistant to the Engineer in the Engine Room in the Traffic Court Building. The defense contended that these prospective jurors did not satisfy the requirement of impartiality. See LSA-C.Cr.P. Art. 797(2).
In answering the trial judge's questions as to their partiality, both jurors stated that the contacts mentioned would not affect their deliberations. (Tr. pp. 2 and 3) In addition, both prospective jurors responded affirmatively to the following question posed by the court:
"Do you feel like you could give the defendant a fair and impartial trial, the same kind of trial you would want if you were on trial?"
(Tr. p. 2; see Tr. p. 3)
Upon reviewing the entire voir dire examination we find no abuse of discretion by the trial judge in overruling the defense's challenges. State v. Weathers, La., 320 So.2d 895 (1975); State v. Jones, La., 315 So.2d 650 (1975); State v. Richmond, supra; State v. Flucas, 262 La. 625, 264 So.2d 586 (1972); State v. Isaac, 261 La. 487, 260 So.2d 302 (1972).

ASSIGNMENT OF ERROR NO. 6
The defendant complains that the notice of the State's intention to introduce a confession or an inculpatory statement was untimely in that it prevented him from adequately preparing a defense.
The record indicates that the defendant received the written notice on the morning of trial prior to the State's opening statement.
Louisiana Code of Criminal Procedure Article 768 provides in pertinent part:
"If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in *1305 writing prior to beginning the state's opening statement."
Since the State complied with the time set forth in the article, we find this assignment of error devoid of merit. State v. Morris, 259 La. 1001, 254 So.2d 444 (1971), U.S. cert. denied 406 U.S. 959, 92 S.Ct. 2066, 32 L.Ed.2d 346 (1972).

ASSIGNMENTS OF ERROR NOS. 8 AND 15[1]
The defendant asserts that the trial judge erred in failing to order certain testimony stricken from the record, or alternatively in denying his Motion for a Mistrial based on a refusal to admonish the jury to disregard this testimony. Counsel objected on the ground that such testimony was "prejudicial opinion."
The witness testified as follows:
Q. "When the purchase price of $104 was decided upon, what did Carolyn Clark do in relationship to this defendant, if anything?
A. She looked into the direction of Mr. Norman Clark, as if to get permission, to see if that was okay. At this time he nodded his head and then she got up and departed and got the exhibits [the heroin]."
Tr. pp. 111-112.
Defense's alternative argument cannot be considered by this Court. Counsel neglected to move either for a mistrial or a jury admonition when the witness testified. LSA-C.Cr.P. Art. 771; State v. Thorson, La., 302 So.2d 578 (1974).
The trial judge properly overruled the defense objection to strike the testimony from the record. While it is well settled that a lay witness may not give opinion testimony, it is equally well settled that on subjects which any person of experience may make a natural inference from facts observed, a lay witness may testify as to such inferences provided he also states the facts observed. State v. Neal, La., 321 So.2d 497 (1975); State v. Davalie, La., 313 So.2d 587 (1975); State v. St. Amand, La., 274 So.2d 179 (1973). This testimony is a natural inference from the facts observed.
Assuming arguendo that any portion of this testimony was inadmissible, we find that the trial judge committed harmless error in admitting it. The jury heard the identical testimony given by the same witness on direct examination without any objection by defense counsel. LSA-C.Cr.P. Art. 921; State v. Smith, La., 285 So.2d 240 (1973); State v. Maiden, 258 La. 417, 246 So.2d 810 (1971).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 14, PRO SE BRIEF ARGUMENT NO. 1
In his pro se brief, the defendant contends that the trial court erred in denying his motion for a Directed Verdict.[2] LSA-C. Cr.P. Art. 778. He argues that the State failed to prove every element of the crime charged.
When the defense asserts that the judge committed reversible error in denying his Motion for a Directed Verdict, this Court will overturn the conviction only if there is no evidence of an essential element of the crime. State v. Smith, La., 332 So.2d 773 (1976); State v. Butler, La., 331 So.2d 425 (1976); State v. Kaufman, La., 331 So.2d 16 (1976).
The State's witnesses were a forensic chemist, an undercover agent, and a supervising narcotics agent. They testified that the undercover agent and two informers purchased nine packets of heroin for $104 from the defendant and his sister. This transaction took place at the defendant's sister's home.
*1306 This testimony constitutes some evidence of the crime charged. Therefore, this contention is without merit.

PRO SE BRIEF ARGUMENT NO. 2
The defendant alleges that the State's failure to produce the informants at trial prejudiced him.
We consider this allegation improperly before us. The defendant neither voiced any objection nor presented any assignment of error concerning this to the trial court. LSA-C.Cr.P. Art. 841; State v. Charles, La., 326 So.2d 335 (1976); State v. Nix, La., 327 So.2d 301 (1975); State v. Pickett, La., 325 So.2d 252 (1975).
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] In brief, defense counsel refers to these arguments as Assignments of Error Nos. 8 and 13. However, the record indicates that the correct numerical listing should be Assignments of Error Nos. 8 and 15.
[2] Act 527 of 1975 eliminated the Directed Verdict in all jury trials. This trial occurred in December of 1974, before the effective date of this amendment.