410 So.2d 1076 (1982)
STATE of Louisiana
v.
Debrah CRAWFORD.
No. 81-KA-1496.
Supreme Court of Louisiana.
March 1, 1982.
*1077 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Donnie L. Ellerman, Winnsboro, for defendant-appellant.
PRICE, Justice Ad Hoc[*].
Defendant, Debrah Crawford, was indicted by a Franklin Parish Grand Jury for the second degree murder of her nine-month old daughter, La.R.S. 14:30.1. Following a trial by jury, the defendant was found guilty of manslaughter (La.R.S. 14:31) and was subsequently sentenced to 21 years at hard labor. She urges four assignments of error on this appeal.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the inordinate amount of time that elapsed between the initial request for the appointment of a sanity commission to determine her sanity at the time of the offense and the time the examination actually occurred deprived the examining physician of an opportunity to examine her at a time close in connexity to the commission of the offense.
The record shows that on March 12, 1980, defendant's counsel moved in open court for the appointment of a sanity commission to determine the defendant's sanity at the time of the commission of the offense. This motion, which was not supported by any allegations of her insanity, was denied. Subsequently on March 28, 1980, the trial court ordered that a hearing be held on April 9, 1980, to determine whether reasonable grounds existed to doubt the defendant's capacity to proceed and whether a sanity commission should be appointed.
We find that the defendant has failed to prove any prejudice resulting from the trial court's action in denying her request for the appointment of a sanity commission. A defendant is not entitled of right to an examination and evaluation of his sanity at the time of the offense. The necessity of appointing a commission for such a purpose lies within the sound discretion of the trial judge. C.Cr.P. 650; State v. Taylor, 347 So.2d 172 (La.1977). The accused bears the burden of establishing by a clear preponderance of the evidence reasonable grounds for the judge to believe that he is mentally defective or was at the time of the offense. Where no supporting evidence is produced, the exercise of discretion conferred on the trial court will not be disturbed. State v. Vincent, 338 So.2d 1376 (La.1976).
This assignment lacks merit.
*1078 ASSIGNMENT OF ERROR NO. 2
By this assignment defendant argues that the trial court erred in allowing the state to exhibit X-rays and C.A.T. scan pictures to the jury without introducing them into evidence or identifying them properly as belonging to the deceased. She contends the X-rays and C.A.T. scan pictures were highly prejudicial and without probative effect.
Dr. Meade O'Boyle, a pediatrician with extensive experience in the treatment of children's injuries, testified for the state regarding the skull injuries of the deceased. For the purpose of showing the location and extent of the deceased's skull injuries, Dr. O'Boyle referred to X-rays and C.A.T. scan pictures taken of the deceased's skull. These pictures were illuminated on a screen and then distributed to each juror. Defendant's counsel objected to the use of these pictures as being non-probative and prejudicial. Because he agreed with the state that the pictures were shown for illustrative purposes only, the trial judge overruled the objection. We agree with the trial judge's ruling. Any prejudicial effect the pictures might have had on the jury was outweighed by the probative value they had in explaining Dr. O'Boyle's testimony. See State v. Vernon, 385 So.2d 200 (La.1980). We note that defendant's counsel made no objection in the trial court to the state's failure to properly identify the pictures or to their failure to introduce them into evidence. It is well settled that a new basis for objection is not permitted for the first time on appeal. State v. Motton, 395 So.2d 1337 (La. 1981).
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
Through the hearsay testimony of other witnesses, the defendant was able to inform the jury of her version of the events surrounding her arrest. She contends she was playfully swinging the deceased when she accidentally dropped her on the floor. To rebut this testimony the state called two of the treating physicians, Dr. Vernon T. Baldwin and Dr. O'Boyle. Their testimony was to the effect that the deceased's injuries were not consistent with a simple fall on a carpeted floor, and that more than one blow to the head would have been necessary to have inflicted the amount of skull damage the deceased sustained. The defendant contends that both doctors were improperly allowed to testify beyond their expertise.
The record shows that Dr. Baldwin was stipulated to be an expert in the general practice of medicine. He testified that he had seen this type of injury once before. At no point during his testimony did defendant's counsel object to his giving an opinion as to the cause of the deceased's injuries. Dr. O'Boyle was accepted as an expert in the field of pediatrics. In her past experience of treating cases of child abuse she had encountered many skull injuries similar to those suffered by the deceased.
In State v. Green, 273 So.2d 288 (La. 1973), the state's expert witness was allowed to testify that a blow with a certain instrument was compatible with the injuries received by the victim. The court held that his opinion was within the ambit of the medical expert's training and experience and that the opinion had probative value.
We conclude that the training and experience of the state's two expert witnesses combined with their actual knowledge of the deceased's condition, properly qualified them to give their opinions as to the cause of the deceased's skull injuries.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge failed to properly consider the guidelines set forth in C.Cr.P. Art. 894.1 in imposing sentence. This article requires that the sentence be individualized. The trial judge is required to state for the record the considerations taken into account and the factual basis supporting them in imposing the particular sentence upon the individual before the court. The factors the trial judge should consider include the defendant's personal history (e.g. age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the *1079 seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation through correctional services other than confinement. State v. Jackson, 360 So.2d 842 (La.1978).
Although the trial judge did not particularize her reasons for imposing the maximum sentence by discussing all of the factors to be considered as set forth in the sentencing statute, she did state for the record why the sentence was imposed. The court declared that a maximum sentence was warranted in this case because of the brutal injuries sustained by the deceased infant who was incapable of having provoked such treatment. The court also noted that the jury had granted defendant all of the compassion she was entitled to by returning a verdict of manslaughter instead of the charged offense of second degree murder. The court obviously considered that any lesser sentence would deprecate the seriousness of the offense under the circumstances.
The record contains sufficient information on which this court can review the severity of the sentence. Also, the sentence imposed is within the penalty by statute for the offense and is not clearly excessive in view of the brutal injuries inflicted and lack of any mitigating circumstances. Therefore, we do not find it necessary to remand for further compliance by the trial court with sentencing guidelines. State v. Day, 391 So.2d 1147 (La.1980).
For the reasons assigned the defendant's conviction and sentence are affirmed.
NOTES
[*] Judges O. E. Price of the Court of Appeal, Second Circuit, John C. Boutall, Court of Appeal, Fourth Circuit, and Fred W. Jones, Jr., Court of Appeal, Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L. Dennis, and Jack C. Watson.