DOMENGEAUX, Judge.
Defendant, Edward Joseph Pickens, was charged with second degree murder, a violation of La.R.S. 14:3o.!,[1] by grand jury *160 indictment. Immediately preceding the trial, defendant entered a plea of guilty to a reduced charge of manslaughter[2] in a plea bargain with the State. The trial judge ordered a pre-sentence investigation. Upon receiving the report from the Louisiana Department of Corrections, and after hearing testimony given at the sentencing proceeding, the trial judge sentenced defendant to 19 years at hard labor under La.R.S. 14:31;[3] plus two additional years imprisonment to run consecutively, without benefit of parole, probation, suspension of sentence, or credit for good time, pursuant to La.R.S. 14:95.2.[4]
ASSIGNMENT OF ERROR
Defendant contends the trial court erred in the imposition of an excessive sentence in violation of the Eighth Amendment of the Constitution of the United States which prohibits cruel and unusual punishment, and in violation of the sentencing guidelines provided in La.C.Cr.P. Art. 894.1.[5]
*161 FACTS
The events of the night of June 26, 1982, were related to the court during the proceeding when defendant entered a guilty plea to manslaughter by Det. Capt. Roy Richard (Opelousas Police Department), who interrogated defendant after he had been arrested; further testimony was rendered by defendant and Lawrence Pickney, defendant’s cousin, during the sentencing proceeding.
Defendant and his cousin were shooting dice outside Tee’s Lounge in Opelousas when an argument began with Walter Joseph, the victim. Walter Joseph then chased Lawrence Pickney with a knife. Defendant, along with other bystanders, stopped the argument and halted the chase. Defendant and his cousin then left the scene to drive around and buy beer in Pickney’s automobile. Defendant told his cousin to stop at his house so that he could pick up his gun. Defendant retrieved a .30 caliber, lever-action rifle from his brown Monte Carlo and put it in his cousin’s car. Both defendant and his cousin drove back to the vicinity of Tee’s Lounge. Defendant, with the gun in his possession, got out of his cousin’s car and into his other vehicle (a 1972 green Dodge Swinger) which was parked nearby. Pickney drove back to the bar; defendant followed soon after. Upon arriving at the bar Pickney was spotted by Walter Joseph who began chasing him once again with the knife drawn. Pickney attempted to get a lug wrench from the inside of his own car, but the doors were locked. At this time, defendant arrived in the parking area, got out of his automobile, and saw Joseph chasing his cousin brandishing the knife. Defendant then took his gun from the seat of the car where he had placed it. Joseph noticed the defendant at this point. Defendant stepped toward Joseph and shouted to him not to cut his cousin with the knife that was in his hand. Joseph allegedly approached the defendant. Once more defendant told the victim not to use the knife, coupled with a warning that he was going to shoot him. Defendant claims that Joseph continued to walk nearer with the knife pointed at him. Defendant shot Joseph once in the neck.
Defendant was arrested at his home following the fatal shooting of Joseph. Defendant was informed of his rights and gave a taped statement admitting to the shooting, but claimed that he was attacked by the victim. There were no witnesses to the crime itself.
Defendant entered a plea of guilty to manslaughter. The transcript of the colloquy between the judge and the defendant at the time the guilty plea was entered shows that defendant’s right to trial by jury, right to confront his accusers, and right against self-incrimination were properly waived under the standard of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
REVIEW OF SENTENCE[6]
Defendant complains that the sentence imposed, 19 years at hard labor with an *162 additional two years to run consecutively without benefit of parole, probation, suspension of sentence, or credit for good time is in violation of the Eighth Amendment and the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1.
The defendant contends that the trial judge did not stte for the record the considerations taken into account and the reasons for the term of imprisonment. However, in our review of the record we find that the sentencing judge relied upon the presentence investigation report. The court carefully explained the considerations taken into account and the factual basis for imposition of the sentence. The court noted defendant’s social and criminal history which included a juvenile record and a previous aggravated assault charge that had been dropped. Additionally, defendant had pled guilty to resisting arrest and had also been involved in a battery charge on his wife. The court further noted that defendant’s history indicated an inclination towards violence. The court then proceeded to elaborate on the guidelines for sentencing a defendant guilty of a felony to imprisonment. There was no error in the consideration by the judge of the prior adult arrest. State v. Washington, 414 So.2d 818 (La.1982). Nor was there error in the consideration of the juvenile history.. State v. Guajardo, 428 So.2d 468 (La.1983). The defendant presented no mitigating facts and none were apparent from the circumstances of the case.
Further, as to determining what is excessive punishment under the Eighth Amendment’s prohibition against cruel and unusual punishment, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. A sentence has been determined to be ex-, cessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Reed, 409 So.2d 266 (La.1982). However, due to the trial judge’s unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of this discretion. Sepulvado and Goodman, supra; State v. Hartman, 388 So.2d 688 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).
The defendant was subject to a 21 year term of imprisonment when he pled guilty to manslaughter. By his plea of guilty defendant in effect admitted that the killing was not justified. State v. Boatright, 406 So.2d 163 (La.1981). A sentence of 19 years does not even meet the maximum statutory limit. The additional two years for the use of a firearm in the commission of manslaughter was a mandatory sentence and not within the discretion of the trial judge.
We are unable to find any manifest error. The trial judge complied with proper procedure as set forth in the sentencing guidelines and the sentence imposed followed a plea of guilty to a most serious crime under the laws of the State of Louisiana. Therefore we will not disturb this sentence on appeal.
DECREE
For the above and foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.

. La.R.S. 14:30.1 provides:
"Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simply robbery, *160 even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."

. La.R.S. 14:31 provides in pertinent part:
"Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.”

. The penal clause of La.R.S. 14:31 provides:
"Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.”

. La.R.S. 14:95.2 provides for mandatory additional penalties thusly:
"Notwithstanding any other provisions of law. to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.”

.La.C.Cr.P. Art. 894.1 states:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of-the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal con *161 duct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983); concurring opinion at 1339, writ denied, (La. June 10, 1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983) (our docket No. CR83-63), concurring opinion at 1169.