YELVERTON, Judge.
Linda Guerra, 28, was indicted in the Parish of Vermilion on a charge of second degree murder (LSA-R.S. 14:30.1). She was tried by a jury which returned a responsive verdict of guilty of manslaughter (LSA-R.S. 14:31). The trial court sentenced the defendant to 18 years at hard labor. In addition, the sentencing court added two years under the mandatory provisions of LSA-R.S. 14:95.2 because a gun was used in the felony.
This appeal is based on the assignment of error that the sentence is excessive and in .violation of LSA-C.Cr.P. article 894.1.
The conviction indicates that the trial jury concluded that on May 28, 1981, Linda Guerra, 28, shot and killed Kathy Palombo, 22. The trial testimony reveals that defendant and the victim were living together in a homosexual relationship. In the late afternoon of the day of the killing, the two were observed quarreling in a seafood restaurant in Abbeville. They left this location in the deceased’s car and went to the house where they were living in the country. Shortly after 8:00 P.M. the defendant brought the body of Kathy Palombo, dead on arrival, to an Abbeville hospital. She had been shot in the heart with a .22 rifle. The jury did not believe the defendant’s testimony that the victim had killed herself, *405 concluding, based on circumstantial evidence, that defendant had done the killing. Sentencing was delayed for a presentence investigation.
At the sentencing on April 28, 1983, the trial court imposed sentence in the following language:
“All right. Considering all of the evidence adduced at the trial of this case, as well as the activities as reflected in the file concerning an indictment of the Grand Jury concerning a verdict of guilty of manslaughter, tried by a jury; considering further that in accordance with the presentence investigation that has come to the attention of the Court, that there was a prior felony conviction in this matter, therefore the Court could not suspend a sentence; and, of course, further considering the guidelines as imposed by Article 894.1 of the Code of Criminal Procedure, which the Court at this time will take into consideration in arriving at the following sentence:
“The Court arrives at the following sentence: that the accused, Linda Guerra, be entrusted to the custody of the Department of Corrections of the State of Louisiana to serve a term of eighteen (18) years at hard labor.
“The Court will give credit for time served.”
We are not concerned with the two year sentence imposed under R.S. 14:95.2. This was mandatory and not subject to judicial discretion. We are required to review only the 18 years imposed for manslaughter for its claimed excessiveness. Our duty requires us to take into account that this sentence was in the upper range near the maximum of 21 years permitted for that offense.
We have read and considered the evidence presented in the trial of the case. That evidence does not illumine the sentencing choice one way or the other. We cannot review the presentence report because it is not in the record. Even if the presentence report was in the record, it would probably be of little value to our review because the trial judge indicated he relied on it only to the extent that it bore evidence of a prior felony conviction.
The only specific factor which the trial court stated for the record he had taken into consideration was defendant’s prior felony conviction, as revealed by the pre-sentence report. The record itself conflicts with this statement. A Louisiana State Police report in the record indicates no prior convictions. Also, defendant took the stand and denied on direct examination any prior felony convictions, a denial which was unassailed by the State on cross-examination, and therefore presumably correct.
In State v. Knox, 425 So.2d 707, 708 (La.1982), the Louisiana Supreme Court had this to say about the sentencing requirements imposed by LSA-C.Cr.P. article 894.1:
“It is now settled that a trial judge’s sentencing reasons in compliance with La.C.Cr.P. Art. 894.1 provide an essential aid to this Court’s review of an exces-siveness claim under La. Const. Art. I Sec. 20. State v. Trahan, 412 So.2d 1294, 1297 (La.1982); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). The record left of sentencing should therefore indicate that the trial court considered not only the seriousness of the offense and the past record of the defendant, but also ‘defendant’s personal history (age, mental status, dependents, family ties, work record, mental, emotional and physical health) and his ... potential for rehabilitation.’ State v. Molinet, 393 So.2d 721, 722 (La.1981); see also, State v. Jones, 398 So.2d 1049 (La.1981); State v. Jackson, 360 So.2d 842 (La.1978). In addition, Art. 894.1(C) requires the trial court to state the factual basis for its sentencing conclusions. As set forth in State v. Williams, 397 So.2d 1287, 1291 (La.1981), this requirement ‘... in most cases is crucial to this Court when called upon to execute its constitutional function to review a sentence complained of as excessive.’ ”
In the instant case the record fails to reveal a compliance with article 894.1 *406 sufficient for us to exercise our function of appellate review of this sentence for exces-siveness. We vacate the sentence imposed and remand for resentencing in accordance with the law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.