KING, Judge.
The issues presented by this appeal are whether or not the defendant’s conviction and sentence for the crime of manslaughter are correct.
On March 19, 1983 at approximately 9:00 P.M. the defendant, George McZeal, (hereinafter McZeal) allegedly shot and killed his stepson, Dwight Breaux, (hereinafter Breaux) during an argument.
McZeal was charged with the crime of second degree murder and after being tried before a jury was found guilty of manslaughter by a unanimous verdict of the jury. The court sentenced McZeal to serve three years at hard labor for manslaughter, under the provisions of LSA-R.S. 14:31, with an additional two year sentence, under the provisions of LSA-R.S. 14:95.2, to be served without benefit of probation, parole, *144 suspension of sentence or good time because of a firearm being used in the commission of the crime. McZeal appeals his conviction and sentence alleging the following assignments of error:
(1) The verdict was contrary to the law and the evidence;
(2) The trial court erred in denying McZeal’s Motion for a New Trial based upon newly discovered evidence;
(3) The trial court erred in denying McZeal’s Motion for a New Trial because the ends of justice warranted the granting of a new trial; and
(4) The trial court erred in its reasons for sentence by considering a report by the probation officer that drugs were involved when there was no evidence presented at trial concerning the use of drugs by McZeal.
We affirm McZeal’s conviction and sentence.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 3
McZeal contends in his first and third assignments of error that the trial court erred in denying his motion for a new trial in that the verdict is contrary to the law and the evidence and that the ends of justice require a new trial because the State did not show beyond a reasonable doubt that he committed the crime of manslaughter. These two assignments of error, which both involve the sufficiency of evidence, will be discussed together.
The crime of manslaughter is defined by La.R.S. 14:31 as:
“(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in a sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.”
McZeal contends that the evidence presented by the State was not sufficient to prove beyond a reasonable doubt that he had the specific intent to kill or cause great bodily harm or that the killing was committed in a sudden passion or heat of blood immediately caused by provocation sufficient to deprive him of his power of self-control and cool reflection, both of which are necessary elements of the crime of manslaughter. La.R.S. 14:31.
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
At trial evidence was presented showing that McZeal and his stepson, Breaux, had engaged in a heated argument which resulted in a scuffle. During this scuffle, McZeal, armed with a .38 caliber revolver, shot Breaux in the face which resulted in his subsequent death a short time later.
Kenneth Hall, a friend of Breaux, was present at the time of the shooting. At trial Hall detailed the events that led to Breaux’s death on the night of March 16, 1983. About 9:00 P.M. Hall decided to *145 drive over to talk to Michael McZeal, a son of the defendant and stepbrother of the victim, Breaux, about doing some yard work the next day. Breaux, who was with him at the time, accompanied him. Upon arriving at the McZeal house, Hall got out of the car and approached the front porch of the house. Dwight Breaux stayed inside the car. Hall testified that Michael McZeal came outside alone on the porch of the house to talk to him and told Hall that they were having some family problems. Hall testified that the defendant, George McZeal, then came to the door “hollering and talking all kind of stuff.” When McZeal looked in the car and saw Breaux, he called him a bastard. Hall then testified that after he saw McZeal getting all riled up, he went back to his car. At this time, Breaux told Hall, “Aww, man, get me out of here. I told you that man was automatic made (sic) at me.”
Hall then started to back up on the road to drive Breaux to his aunt’s house which was nearby. Hall testified that he must have been driving too slowly because Breaux got out of the car and started to walk to his aunt’s house. Hall then started forward on the road to return to the McZeal house and saw McZeal and his son, Michael McZeal driving past him. When the McZeals realized that Breaux was no longer in Hall’s car, they proceeded around the corner after him. Hall then tried to catch up with them. When he caught up with McZeal, he saw McZeal and Breaux arguing. McZeal was pointing a gun at Breaux’s face and calling him a bastard. There was a “tussle” and then the gun went off. Hall stated that Breaux did not get out of his car anywhere near the McZeal house and never did anything threatening to McZeal.
After Breaux was shot, Hall walked toward Breaux and McZeal turned on him with his gun. Hall then began backing up with his hands in the air. After McZeal didn’t do or say anything further, Hall rushed over to Breaux who was lying on the ground with blood “shooting out” of his eye. At first Hall received no help in putting Breaux in his car but McZeal told his son, Michael McZeal, to “help him with that bastard.” Hall then went to the hospital with Breaux who subsequently died at 3:30 A.M.
The evidence presented to the jury shows that during an argument and ensuing scuffle, McZeal, armed with a .38 caliber revolver, fired one shot into the head of Breaux which resulted in his death a few hours later, from which the jury could find that McZeal had the specific intent to kill or inflict great bodily harm to Breaux. The evidence further indicates that McZeal and his stepson, Breaux, did not get along and were in fact struggling at the time of the shooting, from which the jury could find that the offense was committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive McZeal of his self-control and cool reflection. Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that McZeal committed the crime of manslaughter.
These assignments of error lack merit.
ASSIGNMENT OF ERROR NUMBER 2
McZeal contends that the trial court erred in denying his motion for a new trial based upon newly discovered evidence.
The statutory grounds for obtaining a new trial based upon the discovery of new evidence are set forth in La.C.Cr.P. Art. 851 which states in part:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
⅜ ⅝ # ⅜: 4s sjc
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been *146 introduced at the trial it would probably have changed the verdict or judgment of guilty.”
This article was recently examined by the Louisiana Supreme Court in State v. Prudholm, 446 So.2d 729 (La.1984). In Prudholm, the court stated:
“This rule contains the four generally recognized requisites for the motion for a new trial based upon newly discovered evidence: (1) the evidence must have been discovered since the trial, (2) failure to learn of the evidence at the time of trial was not due to defendant’s lack of diligence, (3) it must be material to the issues at trial, (4) it would be of such a nature that it would probably produce an acquittal in the event of retrial. (Citations omitted.)” State v. Prudholm, supra, at page 735.
In addition to stating these requirements, the court in Prudholm further recognized that the trial judge’s application of these precepts to newly discovered evidence is entitled to great weight and his discretion should not be disturbed on review if a reasonable man could differ as to the propriety of the trial court’s action.
In the present case, McZeal contends that the jury could have reached a different verdict if it would have had additional evidence concerning a possible knife which he claims Breaux was carrying and which was later removed by the Breaux’s Kenneth Hall. Specifically, McZeal contends that Hall returned to his car while it was parked at the hospital and removed the knife. At trial, Hall testified that he did not see a knife on Breaux at anytime the night of the shooting. Hall further testified that the only reason he returned to his car at the hospital was to move it out of the emergency lane at the request of a doctor. McZeal’s newly discovered evidence consists of sworn statements by male employees on duty in the emergency section of the hospital that indicate no one instructed Hall to move his car on the night of the shooting.
This evidence does not meet the four requirements set forth by the Louisiana Supreme Court in Prudholm. First, McZeal and his counsel lacked the requisite diligence in discovering this evidence and developing a defense. There is no reason why the sworn statements of the two hospital employees, Dr. Sabatier and Mike Bradley, could not have been obtained at any time prior to trial with the use of reasonable diligence.
Secondly, it was well within the discretion of the trial judge to determine that even if the jury had heard Dr. Sabatier and Mike Bradley testify, that they did not order Hall to move his car out of the emergency lane, it would not have made any difference as far as the verdict is concerned. As previously stated, Hall testified that on the night of the incident, he did not see Breaux with a knife at any time. The fact that neither of these two hospital employees ever instructed Hall to move his car cannot be said to be of such importance as to probably have produced an acquittal in the event of retrial. As stated by the trial court in its written ruling on the motion for a new trial, Hall could have gone to his car for other reasons. We hold there was no abuse of the trial judge’s discretion in denying McZeal’s motion for a new trial on the grounds of this newly discovered evidence.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 4
McZeal contends that the trial court erred in its sentencing by considering a report of the probation officer stating that McZeal was involved with alcohol or drugs when there was no evidence introduced at trial concerning the use of alcohol or drugs by McZeal.
The Louisiana Supreme Court, in State v. Crawford, 410 So.2d 1076 (La.1982), reviewed the factors the trial judge should consider in imposing a particular sentence upon the individual before the court. In Crawford, the court stated:
“The factors the trial judge should consider include the defendant’s personal *147 history (e.g. age, marital status, dependents, family stability, employment, mental, emotional and physical health); the defendant’s prior criminal record, the seriousness of the crime, the circumstances of the offense; the likelihood that the defendant will commit another crime and his potential for rehabilitation through correctional facilities other than confinement.” State v. Crawford, 410 So.2d 1076, 1078 (La.1982).
In the present case, the pre-sentence investigation report stated that McZeal and his wife and family had varying degrees of problems connected with family living which were aggravated by the fact that McZeal probably had problems with alcohol and marijuana. The trial judge further recognized that this information came from McZeal’s wife and family and he himself questioned its credibility. The trial judge stated in his reasons for sentencing that he did not view McZeal as a violent type of person or that his alleged problems with alcohol or drugs were a serious problem because McZeal was a good worker and had a history of never missing much work due to ill health or other reasons.
As set forth by the Louisiana Supreme Court in Crawford, supra, a pre-sen-tence report should contain the defendant’s personal history including such factors as family stability, employment, and the defendant’s mental, emotional and physical health. The trial judge’s oral reasons at sentencing reflect that these specific factors were present in the pre-sentence report and were considered. We do not find that it was error for the trial judge to consider these facts in imposing sentence. These are all valid factors to be considered by the trial judge who is given wide discretion in the imposition of sentences within the statutory limits. State v. Pickens, 445 So.2d 159 (La.App. 3rd Cir.1984). In the present case McZeal was sentenced to a total of five years imprisonment for manslaughter committed with a firearm. This sentence is well within the statutory maximum which allows for imprisonment for as much as 21 years at hard labor. Considering that McZeal killed another human being it can hardly be said that this sentence is not just.
This assignment of error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.