YELVERTON, Judge.
Linda Guerra, 28, was convicted of manslaughter (LSA-R.S. 14:31), and sentenced to 16 years at hard labor, with two years added because a gun was used (R.S. 14:95.-2). She appeals the sentence as excessive, urging there was noncompliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
This is the second sentence appeal. The first time, 450 So.2d 404 (La.App. 3rd Cir. 1984), we remanded for resentencing because we did not believe that there had been sufficient compliance with the sentencing guidelines to enable us to perform our function of appellate review. The pre-sentence report was not in the record. We could not find evidence in the record that illumined the sentencing choice one way or the other. The first sentence was 18 years, plus two years under R.S. 14:95.2 because a *155 gun was used. Considering that that sentence was in the upper range of the 21 year maximum, and especially because there was an unresolved dispute as to whether defendant had a prior felony record, we remanded.
On remand the trial judge carefully followed the sentencing guidelines and put the presentence report into the record. This time the judge imposed a lesser sentence of 16 years, adding two years under the mandate of R.S. 14:95.2.
On the present appeal, besides again asking for a review for excessiveness and urging that the trial judge again did not comply with the sentencing guidelines, defendant adds an assignment of error based on the denial of a motion for continuance of the sentencing.
As we said the first time this case was before us, we are not concerned with the two-year sentence imposed under R.S. 14:95.2. That two-year sentence was mandatory and not subject to judicial discretion. We are required to review only the 16 years imposed for manslaughter for its claimed excessiveness. We are mindful that, although the present sentence is two years less than the original sentence of 18 years, it remains in the upper range near the maximum of 21 years permitted for manslaughter.
We find no merit to the assignment of error having to do with the denial of the motion for a continuance. The record shows that counsel learned on Friday that the sentencing hearing would be held on Monday. On Friday he moved for a continuance, which was denied. He reiterated his request for a continuance on the morning of sentencing. His stated reason, then and now, was that additional time was needed to present mitigating factors and facts in traversal of the presentencing report.
A decision to grant a continuance in a criminal proceeding lies within the discretion of the trial court. State v. Gordy, 380 So.2d 1347 (La.1980). We find no abuse of that discretion in this case. Although defendant had different counsel at the second sentencing, the presentence report had been in existence for a year, Ms. Guerra was aware of its contents from the initial sentencing hearing, and it had been and was available to counsel.
On the first appeal the record did not reveal a compliance with the sentencing guidelines, nor other information (such as the presentence report) to enable us to perform our appellate function of judicial review. The record as now made up fulfills these needs. From it, we can see that at the initial sentencing hearing Ms. Guerra and her trial counsel were given an opportunity to present mitigating factors, as well as an opportunity to traverse the presentence report. The same thing happened at the second sentencing hearing. Ms. Guerra and her attorney were given every right to traverse the contents of the presentence report that had been prepared for over a year. They were also given the right, which was fully exercised, of presenting all known mitigating factors.
As a matter of fact, the trial judge indicated at both sentencings that his reliance on the presentence report was based only on its reference to the defendant’s prior felony criminal record. There was some confusion in our minds on the first appeal about whether Ms. Guerra in fact had a prior criminal record, since she had denied this under oath during the trial. On remand, it now develops, and the record is clear, that she did not tell the truth when she denied her prior felony record. This situation, and its consideration by the trial judge, is now on the record.
On the second sentencing hearing the trial judge patiently and carefully listened to the presentation of counsel for Ms. Guerra pleading matters in mitigation of her offense, and asking for a lesser sentence. These arguments were to some extent availing, since the judge actually imposed two years less than he did the first time. Nevertheless, in carefully enunciated reasons, the trial court explained that from the nature of the offense, her previous threats to the victim, Ms. Guerra’s subse *156 quent seeming lack of remorse, her age and her prior criminal record, and the way the crime was carried out, that he felt under the sentencing guidelines a sentence of less than 16 years was not justified. Our examination of this record and of the mitigating factors discussed by counsel, consisting mainly of the fact that the defendant’s prior criminal record consisted of nonviolent crimes, causes us to agree with the trial court, and this sentence was not an abuse of discretion. The penalty is not so disproportionate to the crime committed as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). It is affirmed.
AFFIRMED.