KNOLL, Judge.
Defendant, Patrick Louis Grow, was indicted for second-degree murder in violation of LSA-R.S. 14:30.1. A twelve-member jury returned a verdict of guilty of manslaughter, a violation of LSA-R.S. 14:31. The sentencing court imposed a sentence of twenty-one years at hard labor. Defendant appeals, complaining that his sentence is excessive and that the trial court failed to follow the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. We affirm.
*160 FACTS
Defendant, 32 years of age, was a deputy with the Iberia Parish Sheriffs Office. He and his wife, Cynthia Tauzin Grow, left their home in New Iberia on the evening of June 19, 1981, to attend the horse races in Lafayette, where they remained until shortly after midnight. The couple then planned to go to a nightclub in New Iberia. On their way to the nightclub, they visited with Yvonne Romero, defendant’s mother-in-law. Defendant and Mrs. Romero argued about his treatment of his six year old daughter. Defendant and Cynthia then left, accompanied by Kermit Schexnayder, to go to a nightclub in New Iberia where they all drank alcoholic beverages. As they sat at their table, Schexnayder noticed that defendant was carrying a gun. While they were at the nightclub, defendant and Cynthia began arguing. Cynthia left defendant and Schexnayder at the nightclub, picked up their daughter, and returned to her mother’s trailer where she planned to spend the night.
When defendant and Schexnayder were ready to leave, a friend drove them from the nightclub to the Romero trailer. Defendant knocked on the door and asked for his car keys. Mrs. Romero threw the keys outside. Defendant left the keys on the ground and he and Schexnayder went to another nightclub for a few minutes before returning to the Romero trailer. Defendant got out of Schexnayder’s truck, picked up his car keys, and drove off. Schexnay-der then knocked on the door saying he was hungry. While Cynthia was heating Schexnayder some food, defendant drove around the block and parked his car one block away from the Romero trailer. He left the driver’s door partially open and walked up to the trailer. When Mrs. Romero went outside to get Schexnayder a beer, defendant entered the trailer pointed his 38 special snub-nose revolver at Cynthia and fired one shot at close range. The bullet entered her left eye killing her instantly. When Mrs. Romero entered the trailer, defendant pointed the gun at her saying “You’re next.” Schexnayder then disarmed defendant without resistance. Defendant immediately fell on Cynthia and began crying.
LSA-C.CR.P. ART. 894.1 AND EXCESSIVENESS
Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983); State v. Abercrumbia, 412 So.2d 1027 (La. 1982). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, supra; State v. Bonanno, supra.
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). Even though the sentencing court does not need to articulate every aggravating and mitigating circumstance contained in article 894.1, the record must reflect that adequate consideration was given to these co-dal guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). Failure to comply with article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
At the sentencing hearing, defense counsel requested the court to consider the following mitigating circumstances: defendant has no prior felony convictions; defendant has two daughters, ages thirteen and seven; the family of the deceased requested leniency on behalf of defendant; and defendant is truly sorry for what he has done.
*161 In imposing defendant’s sentence, the sentencing court explained:
“You were tried for a more serious offense, and the jury, I think correctly, returned a verdict of manslaughter in this case. The law gives me the right to sentence you to the maximum, or to even give you a suspended sentence. And as Mr. Koury has said, I’ve given a lot of consideration to this. I am aware — I have a letter here from many people, fifty, sixty people, or more, asking me to be lenient with you, as well as your wife’s mother, I believe also sent a report in. And I’ve considered that. I’ve gone through this pre-sen-tence report, and I’ve read it, and I see that you had some problems in the past — not necessarily criminal problems. Minor stuff. But you had a drug problem. I think you were discharged from the National Guard because of it. And a few other things. The relationship between you and your wife were — not too good. And of course when this crime was committed, you all had been drinking and whatnot. If you hadn’t been a police officer, maybe you wouldn’t have had the gun, and maybe this wouldn’t have happened. But you did. I’ve read some of the psychiatric reports. I’ve read the pre-sentence report. And I feel that there would be a risk if I didn’t put you in the penitentiary. And because of the unfortunate death of a person, I think any lesser sentence of the one I’ll impose would deprecate the seriousness of the offense. Therefore, under your conviction of manslaughter, it is the sentence of this Court that you serve twenty-one years at hard labor with the Department of Corrections. And you have credit for the time that you’ve served thus far. That is all. ”
The pre-sentence investigation reveals that defendant has a history of violence as well as alcohol and drug-related problems. He threatened to kill his first wife and held a gun to her head. During his marriage to Cynthia, he was violent, threatened to kill her, and on one occasion burned her clothes.
We find the trial court adequately considered the mitigating circumstances and sufficiently complied with article 894.1. Further, we find the record clearly illuminates and supports the sentencing choice.
Although this is defendant’s first felony conviction, the sentencing court felt a lesser sentence would deprecate the seriousness of the offense. We agree. The unjustified killing of Cynthia by defendant was a violent act that clearly justifies the imposition of the maximum penalty under the manslaughter provision. Accordingly, the penalty imposed is not so disproportionate as to shock our sense of justice. Therefore, we do not find defendant’s sentence to be unconstitutionally excessive.
DECREE
For the foregoing reasons, the sentence of defendant, Patrick Louis Grow, is affirmed.
AFFIRMED.