YELVERTON, Judge.
James R. Smith pleaded guilty to manslaughter, La.R.S. 14:31, amended from second degree murder, La.R.S. 14:30.1, and was sentenced to 17 years at hard labor. From this sentence defendant appeals, raising the single assignment of error that it was constitutionally excessive. We find the sentence was not excessive and we affirm.
The killing occurred in the early morning hours of Christmas day, 1982. Defendant killed Frank Knapp on a logging road in the woods in Rapides Parish. The victim’s body was found lying on -the ground near the defendant’s van, which was stuck in the mud. The body was nude from the waist down, there was a large amount of blood in the van, the victim’s throat had been cut, and his genitals had been severed from his body and were lying on the ground between his legs.
Smith told officers that he had agreed to give the victim a ride from an Oakdale bar to Alexandria, and that, en route, he was forced at knife point to leave the main highway and drive up the logging road. Smith said that a struggle ensued there and that he took the knife from Knapp and killed him. Smith tried to drive away but his vehicle became stuck and he could not free it. He then walked to the main highway and flagged a motorist to take him to the police.
The manslaughter plea was the result of a plea bargain made after the trial had begun and after a few, but not all, of the state’s witnesses were called to testify. After a presentenee investigation report was obtained, and following a sentencing hearing, the trial court imposed the sentence from which this appeal was taken.
The basic principles of sentence review for excessiveness are discussed in State v. Telsee, 425 So.2d 1251 (La.1983), as follows:
“The basic principles of appellate review of sentences under our state constitution are well settled. Article 1, § 20 of the 1974 Louisiana Constitution prohibits the imposition by law of excessive punishment. In accordance therewith in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that ‘the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction.’ ... This court has also recognized that a punishment is unconstitutionally excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of crime....” ⅜ ⅜ ⅜: ⅜ ⅜ ⅜
“The initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender.... We have held that the statutory grounds for the selection and imposition of a sentence, La.C.Cr.P. art. 894.1 (1977), provide helpful criteria for this purpose_”
“Another factor is comparison of the defendant’s punishment with the sentences imposed for similar crimes by the same court and other courts.... ”
We will discuss the two factors mentioned above, i.e., (1) the nature of the offense and the offender, and (2) the proportionality of sentence standard, to determine whether the 17 year hard labor sentence imposed was constitutionally excessive.
THE OFFENSE AND THE OFFENDER
At the time of the killing, defendant was 18 years old and AWOL from the Navy for the previous 20 days. He had no prior criminal record. He bases his argument against a 17 year sentence on his *568 clean record, plus the contention that the evidence against him was weak, and that he probably could have succeeded in establishing self-defense for a not guilty verdict.
The contention after a guilty plea that the killing was actually done in self-defense is a stance aptly described by Judge Guidry in State v. Morgan, 428 So.2d 1215 (La. App. 3rd Cir.1983) as an “alleged subjective belief.” Defendant’s guilty plea and all the facts in the sentencing record go against that contention. When the trial stopped for the reduced charge and guilty plea, the State had not finished putting on its case. At that point the evidence showed that the killing was done by defendant with his knife, in his van, which had been driven by him to the place where the homicide occurred, and the deceased was a guest in defendant’s vehicle. The physical evidence, especially the post mortem emasculation, is inconsistent with self-defense. Nothing in the evidence indicated how, or when, the deceased became nude, except for socks, from the waist down.
In the instant case, defendant was given a copy of the presentence report in sufficient time for him to controvert its contents that were disputed. At the sentencing hearing, which was requested for the purpose of controverting these contents, the defendant put on evidence intended to negate the suggestion in the presentence report that either drugs or homosexuality, or both, might have been involved in the killing. The defendant also secured for the trial judge a number of letters from relatives and friends reflecting the mitigating factor of a young life free of misconduct. The trial judge indicated in his sentencing reasons that he had considered the material, including testimony, proffered by the defendant at the sentencing hearing and also that he had considered the claim of self-defense. He noted that, because of the circumstances of the homicide, he was sure that no one other than the defendant himself would ever know what occurred on the night that the killing took place. He took into account the defendant’s lack of a criminal record and the concern shown by his family, his relatives and his friends, evidenced by their letters. The sentencing judge also took into account the character of the deceased to the extent that that might have had some relevance. It was obvious from the sentencing judge’s comments, however, that he could find no satisfactory explanation for the subsequent mutilation of the body of the victim. This act was obviously regarded by the sentencing court as an objective fact which overcame the benefits of the mitigating factors, and was at odds with the notion that self-defense played any part in the act. The court then concluded that because a human life had been taken, and, because of the egregious nature of the offense a lesser sentence would have deprecated the seriousness of the offense, and that a commitment to an institution for 17 years at hard labor was a fair sentence.
We have read the testimony that was taken before the plea bargain brought an end to the trial, and we have studied the presentence report, the testimony at the sentencing hearing, the various letters and recommendations by interested parties made to the trial judge, as well as the arguments of counsel, and, in our opinion, the sentence imposed is not constitutionally excessive. No rational explanation exists as to the post mortem emasculation; that act discredits every one of defendant’s explanations as to what happened that might have cast some pallor of justification on the killing. We cannot say that the sentence imposed was so shocking to our sensibilities, or such néedless infliction of pain and punishment, as to be constitutionally excessive. For these reasons, the sentence is affirmed.
PROPORTIONALITY
The crime of manslaughter covers a broad spectrum of criminal conduct; the range of punishment up to 21 years, is commensurately broad. R.S. 14:31. For this reason, it is not surprising that the range of penalties imposed in manslaughter convictions brought before this circuit runs from three to 21 years. In State v. Capdeville, 438 So.2d 1310 (La.App. 3rd Cir.1983), an abused wife was sentenced to three years for shooting her husband; an apparently friendly drinking party turned
*569 into a manslaughter and defendant received 10 years, State v. Howard, 443 So.2d 632 (La.App. 3rd Cir.1984), writ denied, 444 So.2d 1215 (La.1984); the defendant who went to his former wife’s house, argued with her, then killed her with a knife, was sentenced to 10 years, State v. Armstrong, 453 So.2d 1256 (La.App. 3rd Cir.1984); 12 years was affirmed for killing another man in a dispute over a woman, State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir.1983), cert. denied, 433 So.2d 166 (La.1983); a battered wife, after telling a witness her husband was going to die, made good her promise the next day and was sentenced to 14 years, State v. Bellows, 442 So.2d 889 (La.App. 3rd Cir.1983), writ denied, 446 So.2d 1222 (La.1984); the defendant searched out and killed a man he believed had stolen some money from him, and was sentenced to 15 years, State v. Williams, 430 So.2d 114 (La.App. 3rd Cir. 1983), writ denied, 435 So.2d 449 (La.1983); for shooting a victim in a continuation of an argument that began in a bar, defendant got 15 years, State v. Henry, 443 So.2d 657 (La.App. 3rd Cir.1983); 15 years was also imposed on a defendant who chased down and stabbed a drunken driver who had damaged the defendant’s car, State v. Green, 470 So.2d 434 (La.App.3rd Cir.1985); a woman shot to death her homosexual lover following an argument, and 16 years was found not excessive, State v. Guerra, 450 So.2d 404 (La.App. 3rd Cir.1984), appeal after remand, 467 So.2d 154 (La.App. 3rd Cir.1985); a shooting following a barroom argument brought 18 years, State v. Brown, 440 So.2d 994 (La.App. 3rd Cir. 1983), writ denied, 444 So.2d 120 (La.1984); 18 years was also given for another shooting death following an argumentative drinking spree, State v. Mayberry, 443 So.2d 785 (La.App. 3rd Cir.1983), writ denied 446 So.2d 319 (La.1984); a shooting death occurred following another barroom fight and the defendant got 19 years, State v. Pickens, 445 So.2d 159 (La.App. 3rd Cir.1984); defendant, a deputy sheriff, shot and killed his wife and threatened his mother-in-law after a night of arguing and drinking, State v. Grow, 467 So.2d 159 (La. App. 3rd Cir.1985), and received the maximum of 21 years after a conviction for manslaughter.
Of the above cited cases, only the defendants Morgan, Guerra, Brown and Pickens were shown to have had previous criminal records. In the Grow case, where the maximum sentence was imposed, the defendant had no prior felony convictions, but the trial court noted a history of violence as well as alcohol and drug related problems. All defendants were apparently relatively young; their ages, where given, range from 24 (Williams) to 32 (Grow).
We find nothing in our proportionality review that indicates this sentence was excessive.
For the above reasons, the sentence is affirmed.
AFFIRMED.