GROVER L. COVINGTON, Chief Judge.
The only issue before us is the excessiveness of the sentence imposed on the defendant, Pamela Martindale, as a result of her guilty plea to manslaughter, LSA-R.S. 14:31, for the homicide of her husband, William David Martindale.
The charge arose out of a confrontation which developed when her husband came into the bedroom and found the defendant in bed with another man. The husband was unarmed. The husband was shot twice in the chest and died shortly thereafter. There is no evidence in the record to support the defendant’s version of the confrontation as stated in the brief on appeal. The evidence shows the shooting was without justification.
The defendant was indicted for second degree murder. Initially, she pled not guilty; but when the charge was reduced to manslaughter, she withdrew her not guilty plea. After a “Boykin” hearing, her plea of guilty was accepted by the court, and a sentence of ten years at hard labor was imposed.
Wide discretion is given the trial judge in the imposition of a sentence within the applicable statutory limits; in the absence of manifest abuse, this sentence will not be set aside as excessive. State v. Wroten, 433 So.2d 249 (La.App. 1st Cir. 1983), writ denied 440 So.2d 731 (La.1983).
The maximum sentence for manslaughter is twenty-one years at hard labor. About one-half of the maximum sentence was imposed. In pronouncing sentence, the trial judge noted that he had reviewed the factors listed in LSA-C.Cr.P. art. 894.1 to determine if a suspended sentence or probation would be appropriate. In his opinion, neither was appropriate. The judge stated that he had considered the mitigating circumstances listed in LSA-C. Cr.P. art. 894.1, and that none were applicable. The judge then stated that there was no justification for the shooting, and he concluded that any lesser sentence would “deprecate the seriousness of the crime”—taking the life of another person.
The sentencing judge is not required to articulate the factors set out in Article 894.1, as long as the record shows that he adequately considered the guidelines. The record shows that the judge did consider the statutory guidelines and stated a factual basis for the factors he found to be present. We hold that he complied with Article 894.1.
This brings us to the question of whether the ten year sentence is excessive, in violation of LSA-Const. 1974, Art. I, Section 20. A sentence is considered excessive if it is grossly out of proportion to the severity of the offense or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
The transcript of the sentencing hearing shows that the district judge considered the circumstances of the crime, particularly that the defendant and her paramour took a person’s life, and that the original charge of second degree murder had been reduced to the lesser crime of manslaughter. The judge also considered a presentence investigation and made the contents thereof known to defense counsel. This is a gross offense in which the defendant took the life of another. The sentence is well proportioned to the magnitude of *80 the crime and is certainly not grossly out of proportion to the crime of manslaughter. The sentence is not one that can be said to be nothing more than the purposeless and needless imposition of pain and suffering, or one that “shocks our sense of justice.” State v. Pearson, 425 So.2d 704 (La.1982). We find that the trial judge did not abuse his discretion in imposing this sentence.
DECREE
Accordingly, the sentence of the defendant is affirmed.
AFFIRMED.