KNOLL, Judge.
The defendant, Berthman Joseph Solomon, was indicted for attempted second-degree murder in violation of LSA-R.S. 14:27 and 14:30.1, and was tried by a twelve-member jury. The jury returned a verdict of attempted manslaughter, a violation of LSA-R.S. 14:27 and 14:31. The sentencing court imposed a sentence of ten years at hard labor. Defendant asserts one assignment of error, complaining that his sentence is excessive. We affirm.
Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Bonanno, supra.
The maximum sentence for attempted manslaughter is imprisonment at hard labor for IOV2 years. LSA-R.S. 14:27 and 14:31. Solomon’s sentence of ten years falls within the statutory limits. However, it is judicially recognized that a sentence, although within the statutory limit, may violate defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
The record presented for review consists of the sentencing hearing. The sentencing court articulated a thorough factual foundation and a well reasoned determination for the imposition of sentence, quoted herein:

*550
“Let the record reflect that the Defendant, Bertman [sic] Solomon, is present in Court with his attorney, Mr. Paul deMahy, for the purpose of being sentenced as a result of a conviction of attempted manslaughter by a jury on May 12, 1983.

Let the record further reflect that so far the Court knows the Defendant’s age is thirty-six years, and the Court has no knowledge of any prior conviction.

The law requires that I give my reasons why I am sentencing you, Mr. Solomon; and, of course, I will do so.

The law states that, generally speaking, I should sentence you to a sentence of imprisonment whenever you have been convicted of a felony or a misdemean- or, if there is an undue risk that during a period of a suspended sentence or of probation, you would commit another crime; or if I feel that there is need of correctional treatment or a custodial environment. In your case, that can be provided most effectively by your commitment to an institution. And I feel that a lesser sentence will deprecate the seriousness of your crime.

The facts, as I recall the facts from the trial over which I presided and which I recall clearly, are that the young man, the victim of this crime, was a very small, very slight young man, who, in my opinion, did not present any kind of a threat or any danger whatsoever to you during this proceeding.

My recollection is that he never at any time resisted or made any threatening gestures toward you in any way.

My recollection is that upon receiving instructions from you to leave this home, he had planned to do so; but that he was delayed in leaving the home because his friend, who he lived in the home with for some three or four months, asked him to wait a little while — that he was going to talk to you and to his mother, and to see if arrangements couldn’t be made for him to stay in the home..

This is the background for the matter which came up.

My recollection of the trial appears that when you proceeded into the room where this young man — this victim of the crime — was located, you being a larger and an older and apparently a stronger man than the victim of the crime, that you were proceeding either with your knife or the other people knew that you intended to use your knife. And, in my recollection, one of the witnesses yelled at you, ‘Don’t use your knife. ’

Nevertheless, despite this, my recollection of the evidence is that you did advance upon this young man, you did have your knife in your hand, and you struck at him savagely twice. You stuck the knife in his abdomen, and made an effort with an upward motion, apparently to reach his heart or lungs, or vital organs located in the chest. The evidence also discloses that you attempted to stab him directly over the heart in the chest, but that you were unsuccessful in the attempt to stab him, because the knife hit a rib and was stopped by the fact that there was a rib there.

The evidence further discloses that this young man was rushed to the hospital in Lafayette, and that for a period of two or three days the police were misled, and there was an attempt to cover up this crime — that the police were told or advised at first that you were playing and he accidentally got cut, and it didn’t amount to much. Later they were advised — the District Attorney was advised — by the boy’s mother that he was in intensive care in a Lafayette hospital.
The Court is shocked by this crime— shocked by the fact that a person such as you feels that he can take the law in his own hands and advance upon someone like this and inflict or attempt to inflict great bodily harm on him. The law does not allow anybody to take the law in his own hands. The law requires, if he is illegally in your home, *551 that you call the police or you take legal action to get him out of your home. The law does not allow you or permit you to use a knife.
H¡ * * * * *
But, nevertheless, as stated, the Court is shocked by this crime. The Court feels that any lesser sentence than I’m going to give you would be — would deprecate greatly the seriousness of your crime. The Court feels that you need custodial environment — that anybody who has the mentality to advance upon a young, slender, innocuous man, who you apparently could have slapped or struck with your open fist (and he would have run, I’m sure; you being considerably larger, older and stronger, in the opinion of the Court, than he was) — at the most that’s all you should ever have done — you legally could do that.

But, nevertheless, the Court is going to sentence you to a sentence of imprisonment.

Alright. It is the sentence of this Court that, under Title H, Section 27, and Title 1⅛, Section 31 (the first being on attempt, and the second-cited statute being on manslaughter), of the Louisiana Revised Statutes, that Berthman Solomon be and he is hereby sentenced to serve ten (10) years at hard labor. For the carrying out of that sentence, you are hereby committed to the Department of Corrections of the State of Louisiana. ” (Emphasis added.)

Defendant argues that he has no prior criminal record and that this crime is not a particularly serious violation of the statute, therefore, his near maximum sentence is excessive. We disagree. Defendant savagely stabbed a defenseless victim twice in the chest area which caused him to suffer grave injuries. We do not find the sentence so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice; nor do we find that the sentencing court abused its wide discretion in the imposition of sentence.
We conclude, therefore, that defendant’s sentence of ten years at hard labor is not excessive. This assignment of error is without merit.
DECREE
For the foregoing reasons, the sentence of the defendant, Berthman Joseph Solomon, is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns written reasons.