LABORDE, Judge.
On August 3, 1985, defendant, Joan Du-gas Guidry Montgomery, was convicted of the crime of manslaughter, a violation of La.R.S. 14:31. On April 7, 1987, after remand, defendant was sentenced to serve ten (10) years at hard labor.[1] Defendant now appeals contending that her sentence is excessive.
On December 31, 1983, Dr. J. Boring Montgomery was shot and killed. The only witnesses to the shooting were the Doctor and defendant, his wife. Defendant was indicted for the second degree murder of her husband. On July 30, 1985, defendant was tried and found guilty of the lesser crime of manslaughter.
Defendant contends that the trial court erred in sentencing her to an excessive sentence. La. Const.1974 Art. 1 § 20. Specifically defendant argues that her ten year sentence for manslaughter is excessive because her conduct was somewhat justified and unintentional, and because she has given up all of her rights to any community assets. Defendant also contends the trial court failed to consider letters sent on her behalf, in support of a lesser sentence, and to emphasize her exemplary conduct while incarcerated.
The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for imposition of sentence. La.C.Cr.P. art. *8 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The trial court does not have to state every aggravating and mitigating factor but, the statutory guidelines in Article 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affd after remand, 446 So.2d 1210 (La.1984). Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1988); State v. Ezernack, 408 So.2d 907 (La.1981).
The trial judge imposed a ten year sentence on defendant. The court stated, “after consideration of all mitigating factors and further, all of the factors and evidence the court heard at the trial and at the sentencing hearing for the reasons previously given at the first sentencing the court will now resentence Mrs. Montgomery to ten (10) years at hard labor.
At the first sentencing hearing, the trial judge listened to four witnesses testifying on behalf of the defendant as well as defendant herself. The trial judge considered, on the record, the aggravating factors that defendant’s conduct contemplated and caused serious harm, that defendant’s conduct was not provoked or justified, and that no excessive hardship would result from defendant’s imprisonment. The trial judge considered as mitigating factors letters of support from defendant’s friends and family. The trial court noted that defendant previously had led a law-abiding life.
State v. Owens, 457 So.2d 128 (La.App.2d Cir.1984), ruled that although the trial court did not expressly relate, or “check off” the fact of defendant’s circumstances to the particular factors listed in Article 894.1, recitation of defendant’s circumstances satisfied the trial court’s duty to particularize the sentence. State v. Perry, 457 So.2d 1261 (La.App. 1st Cir.1984), held that the trial court had sufficiently articulated reasons for the imposition of sentence where it had placed great weight on defendant’s prior convictions, and the seriousness of the crimes for which he was convicted. At the sentencing hearing in State v. Bethly, 449 So.2d 37 (La.App. 1st Cir.1984), the trial court considered that: 1) the victim was not harmed but might as well have been; 2) that the defendant was a first offender; and 3) that imprisonment would be hard on defendant’s parents, but that defendant had no dependents. The appellate court concluded that the trial court complied with Article 894.1, adequately stating for the record its considerations, and factual basis for its sentence.
In this case, the trial court considered the relevant aggravating and mitigating factors and articulated several reasons for sentencing. The trial court adequately complied with Article 894.1. We now must consider if the sentence is excessive.
A sentence is excessive if it is grossly out of proportion to the severity of the offense and nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
Under LSA-R.S. 14:31, defendant could have received up to a twenty-one year sentence. Defendant’s ten year sentence is in the middle range of statutorily permissible sentences. Even a sentence within the legislatively authorized range can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
In State v. Martindale, 460 So.2d 78 (La.App. 1st Cir.1984), the defendant, who was originally charged with second degree murder, but convicted of manslaughter, was sentenced to ten years for killing her husband. Martindale challenged her sentence as excessive but, the sentence was upheld. The court noted that it was a “gross offense in which the defendant took the life of another.”
In State v. Progue, 350 So.2d 1181 (La.1977), defendant received a ten year sentence after being convicted of attempted manslaughter. Defendant’s sentence was upheld even though she was only seventeen, and despite the fact that she shot the victim after he sexually handled her, ripped her dress, and threatened her because she *9 would not engage in sexual relations with him. The court found support for defendant’s sentence in the fact that defendant deliberately shot the victim in the face.
In State v. Grow, 467 So.2d 159 (La.App.3d Cir.1985), the defendant received the maximum twenty-one year sentence for manslaughter. Grow killed his wife and received the maximum possible penalty, even though he was a first offender. The court upheld defendant’s sentence because he had threatened to kill his wife before, and was totally unjustified in killing his wife.
In State v. Edwards, 476 So.2d 395 (La.App.2d Cir.1985), the defendant received the twenty-one year maximum sentence for manslaughter. Defendant was only sixteen years old, and was provoked by the victim. The appellate court upheld this lengthy sentence because the defendant was not in any serious danger when he killed the victim.
In State v. Solomon, 461 So.2d 548 (La.App.3d Cir.1984), Solomon received a ten year sentence for attempted manslaughter. Solomon’s sentence was upheld because of the seriousness of his crime, and the great harm to the victim.
In the case at bar, defendant committed a very serious crime resulting in the loss of human life. Defendant received a mid-range sentence. In view of the seriousness of the crime, defendant’s particular circumstances, and the jurisprudence in factually similar cases, it cannot be said that the sentence here is grossly disproportionate to the crime or a needless infliction of pain and suffering. Defendant’s ten year sentence is not excessive.
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.

. Defendant was originally sentenced on October 29, 1985, to ten years at hard labor and an additional two years in accordance with La.R.S. 14:95.2. That sentence was vacated by this Court. 499 So.2d 709 (La.App.3d Cir.1986), writ denied, 502 So.2d 106 (La.1987).