**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-0189

STATE OF LOUISIANA

VERSUS

LURLENE LEIGH EVANS

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,166
HONORABLE ROBERT E. BURGESS, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Don M. Burkett
District Attorney
Anna L. Garcie
Assistant District Attorney
Eleventh Judicial District
P. O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR APPELLEE:
    State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**P. O. Box 719**
**Rayville, LA 71269-0719**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lurlene Leigh Evans**

PETERS, J.

The defendant, Lurlene Leigh Evans, appeals the three-year hard labor sentence imposed upon her for conviction of the offense of attempted manslaughter, a violation of La.R.S. 14:27 and La.R.S. 14:31. For the following reasons, we affirm the sentence in all respects.

This matter arises from a March 18, 2007 incident wherein, after a verbal altercation, the defendant stabbed Takeishia Yvonne Gunn nine times with an eight-and-three-quarter-inch long folding knife. The State of Louisiana originally charged the defendant with attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. The defendant initially pled not guilty to the charge. However, on October 16, 2008, immediately before trial was to begin in this matter, the state reduced the charge to attempted manslaughter in exchange for the defendant's guilty plea to that charge. After accepting the defendant's plea to the reduced charge, the trial court ordered the preparation of a pre-sentence investigation. On December 19, 2008, the trial court sentenced the defendant to serve three years at hard labor. After the trial court rejected her motion to reconsider her sentence, the defendant perfected this appeal. In this appeal, she asserts only that her sentence is excessive.

The record of the October 16, 2008 proceeding establishes that the defendant was forty-two years of age at the time, had an eleventh grade education, and was a first felony offender. In response to questioning by the trial court, the defendant's counsel pointed out that despite the fact that witnesses would testify that the defendant several times threatened to kill the victim for interfering with her child's business, the defendant believed that the victim was armed with a weapon. This belief on the part of the defendant was inaccurate.

At the December 19, 2008 sentencing hearing, the trial court recognized the defendant's first offender status and stated the following with regard to the sentence

imposed:

> [T]he court did review the jurisprudence and the provisions of the Code of Criminal Procedure Article 894.1. This is designated as a crime of violence under 14:2 paragraph 5 so therefore, she is not eligible for a suspended sentence. Aggravating factors the Court find, of course, is the seriousness of the crime. I do believe any lesser sentence, than the one imposed, would deprecate the seriousness of that crime and the plea bargain benefit is substantial. There was actual violence used in the perpetration of this crime. There was a dangerous weapon used in connection with this crime and has resulted in a significant permanent loss and injury to the victim. The one mitigating factor I do find, as I previously noted, is the lack of her prior criminal involvement. Having considered all of those factors, the sentence of the Court is she be confined to the Louisiana Department of Corrections at hard labor for a period of three years.

On appeal, the defendant asserts that the trial court did not give "adequate regard" to the factors listed in La.Code Crim.P. art. 894.1 in imposing sentence. We find no merit in this assignment of error.

The standard for reviewing an excessive sentence claim is well recognized in our jurisprudence.

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In attempting to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In considering the factors set forth in *Smith*, we first note, as did the trial court, that attempted manslaughter is a crime of violence. La.R.S. 14:2(B)(4).[1] The trial court further noted that La.Code Crim.P. art. 893(A) provides that "[t]he court shall not suspend the sentence of a conviction for" certain crimes of violence, including attempted manslaughter. Nor do the circumstances of the offense help the defendant's argument. The defendant stabbed her victim nine times. Furthermore, in imposing the sentence, which is in the low range,[2] the trial court stated that it considered the factors of Article 894.1, and the record is clear that the trial court did so. Finally, although the trial court clearly particularized the offense to this defendant, the jurisprudence supports the sentence imposed. *See State v. Moore*, 02-302 (La.App. 3 Cir. 10/2/02), 827 So.2d 647; *State v. Charles*, 00-1611 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, *writ denied*, 01-1554 (La. 4/19/02), 813 So.2d 420; and *State v. Solomon*, 461 So.2d 548 (La.App. 3 Cir. 1984).

---

[1]The trial court erroneously referred to La.R.S. 14:2(B)(5) instead of La.R.S. 14:2(B)(4), but that error has no bearing on the ultimate result herein.

[2]Louisiana Revised Statutes 14:31(B) provides an incarceration sentencing range for manslaughter of up to forty years at hard labor. The sentencing range for attempted manslaughter provides for incarceration of up to twenty years at hard labor. La.R.S. 14:27(D)(3).

We do find it necessary, however, to remand the matter to the trial court for one corrective measure. In accordance with La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record, and our review reflects that one such error exists.

At sentencing, the trial court stated to the defendant that "[s]he has two years from this date to apply for post-conviction relief." However, La.Code Crim.P. art. 930.8 provides that the two-year prescriptive period begins to run when a defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922, not from the date of sentencing. Therefore, we remand this matter to the trial court and direct it to inform the defendant of the correct prescription period by sending the appropriate written notice to the defendant within ten days of the rendition of this opinion. Additionally, we instruct the trial court to file written proof of the notice in the record of these proceedings. *State v. Roe,* 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects. We direct the trial court to inform the defendant that pursuant to La.Code Crim.P. art. 930.8, she has two years from the date her conviction and sentence becomes final to apply for post-conviction relief. We instruct the trial court to give that notice to the defendant in writing within ten days of the rendition of this opinion and to file proof that the defendant received the notice in the record of these proceedings.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

4